Radcliff, J.
The confessions of the wife, when connected with other proof, were, in the first instance-admissible. But if it had appeared, that such confessions were made with a fraudulent design, or by collusion with the husband, in order to obtain a divorce, their - effect would be destroyed. No circumstances appear in this case to induce that bélief. I therefore think that the evidence was properly admitted, and that the verdict ought not to be disturbed.(a)
Kent, J., and Benson, J., concurred in this opinion.'.
Lewis, J.
The confessions of the wife, in my opinion, ought not to have been admitted. It was clearly contrary to the spirit of the statute, which requires proof of incontinence, where the-party who is defendant id equity does .not deny the allegations of the complainant’s bill, or where, ac *29 cording to the course of that court, the bill ought to be taken pro confesso. This manifests an intention in the legislature to prevent collusion, which cannot be effected, if a jury be , permitted to be influenced, as in ordinary cases, by the confessions of the parties.
Lansing, Ch. J.
I am also of opinion, that the confessions of the wife ought not to have been admitted; and as it does not judicially appear who are the real parties, we may avail ourselves of the circumstance, that we are deciding between fictitious parties, to exclude these confessions, by which we shall prevent collusion, and thereby promote the object of the statute. •
Motion denied.

 “ This rule was derived from the ecclesiastical law, and it. is well settled that the confessions of the party are admissible on a charge of adultery if sup- ■ ported by other proof; but unless corroborated by other evidence and circumstances, they are not sufficient ground for a decree.”. Betts v. Betts, 1 Johns. Ch. R. 197, 199. Burns Eccl. Law,, tit. Marriage, §11. Baxter v. Baxter, 1 Mass. R. 346. Holland v. Holland, 2 id. 154. See the same doctrine laid down in Fournel, Traite de L' Adultere, 160. But in Billings v. Billings, 11 Pick. R. 461, it was held in a case where there could be no collusion, that the confession of the adulterer was sufficient evidence of the crime. In regard to the confessions of the paramour, see Burgess v. Burgess, 2 Hagg. Con. R. 235, h.