1814.

BETTS<br/>v.<br/>BETTS.

Decree accordingly.

BETTS <em>against</em> BETTS.

<em>Sept.</em> 8

Where a bill for a divorce, on the ground of *adultery*, is taken *pro confesso*, or the defendant, in his answer, admits the adultery charged, and a reference is made to the master, under the 3d section of the act concerning divorces, (2 *N. R. L.* 197, 198.,) to take the proof of the adultery, and to report thereon, &c. by the proof to be taken by the master, is meant legal proof generally ; and he may, therefore, receive proof of the *confession* of the defendant, which must, however, be connected with, and supported by, other proofs, before the court will decree a divorce *a vinculo matrimonii.*

But, by the 51st rule of the court, *June,* 1806, evidence of the confessions of the defendant is not admissible at all, on a feigned issue awarded to try the fact of adultery. Whether this rule has not gone too far in rejecting this species of proof altogether ? *Quære.*

THE plaintiff filed a bill for a divorce against the defendant, her husband, charging him with adultery and cruel usage. The bill was taken *pro confesso*, for want of an answer ; and a reference was made to a master to report the facts, and his opinion thereon.

The master reported, 1. Cruel usage by the defendant, of his wife. 2. Evidence of adultery, in his opinion satisfac-

tory, and that the evidence consisted of the testimony of three witnesses. The first witness testified, that he had been at houses of ill fame in *New-York*, once or twice, with the defendant, but did not stay long, and that he never saw the defendant alone with any woman, at such places, nor does he know that he slept at any such house, or that he had criminal intercourse with any woman. That the defendant once told him he had the bad disorder, and by which he understood him to mean the venereal disease. Another witness testified, that the defendant confessed to her he had the venereal, and took it from a girl at *New-York*, and that he had had a child by a certain other girl. She, also, proved acts of cruelty. The third witness, also, proved acts of cruel usage.

*H. Jones*, for the plaintiff, moved for a confirmation of the report on the facts therein stated, and for a decree of divorce *a vinculo*, &c.

THE CHANCELLOR. The courts have gone no further on the trial of the issue on a bill of divorce, than to receive proof of the confessions of the party as competent testimony, *when connected with other proof.* (*Doe* v. *Roe*, 1 *Johns. Cas.* 25.) But, by the 51st rule of this court, in *June*, 1806, such evidence is not now admissible at all, on a feigned issue to be awarded, to try the fact of adultery. It might be questioned, whether that rule has not gone too far, in *wholly* rejecting this species of proof, though the statute evidently intended that a divorce for adultery should be founded *on other proof*, in addition to the mere confessions of the party. By the 3d section of the *act concerning divorces*, if the defendant, by his answer, admits the adultery charged, or the bill is taken *pro confesso*, for want of an answer, a master must still be directed to take proof of the adultery, and the cause is to be heard on such proofs previous to a final decree. I think I should not be warranted in saying that the

master was not to take any proof of confessions of the party; for the confession of the accused is a legitimate species of proof, which is recognised throughout the whole law of evidence; and when the statute speaks of " proof," generally, without mentioning any species of it, we are to understand it as meaning legal testimony at large, as known and established in law. The party's confession may, and does, aid other proof; but the decree must not rest alone, nor, perhaps, essentially, on such confessions, for there is great danger of collusion between the parties, or of confessions extorted, or made designedly, to furnish means to effect a divorce. These confessions are, therefore, to be received, in this case, with jealousy, and to be weighed with caution, and to be supported by facts and circumstances tending to demonstrate the charge to the satisfaction of the court.

The rule was derived from the ecclesiastical law, and is well settled, that the confessions of the party are admissible on a charge of adultery, *if supported by other proof;* but unless corroborated by other evidence and circumstances, they are not sufficient ground for a decree. (*Burn's Eccl. Law,* tit. *Marriage,* s. xi. *Baxter* v. *Baxter,* 1 *Mass. Rep.* 346. *Holland* v. *Holland,* 2 *Mass. Rep.* 154.) The same doctrine, as to proof, is laid down in the *Traite de l'Adultere,* par *M. Fournel,* (p. 160., which is a full, accurate, and finished essay, on the whole subject, with all the principles to be collected from the civil, the canon, and the *French* law. The confession of the party is there held to be competent testimony; but then it must be supported by strong presumptions, and by some determinate facts. *Adulterium non probatur contra alium, sola mulieris confessione.*

The present case may be said to rest almost wholly on proof by confession; for the circumstance of the defendant's being seen once or twice in a house of ill fame, in the way stated, is too slight and equivocal a circumstance to supply

1814.

BETTS
v.
BETTS.

the defect of the other proof.   It is not satisfactory evidence of guilt, nor of the sincerity of the confession ; and this is the only fact exhibited in corroboration of the confessions.

The proof is, then, not sufficient to justify a decree dissolving the marriage, though it is enough for a decree of separation from bed and board, on the ground of cruel usage, by frequent personal violence, &c. ; and I shall, accordingly, make such a decree.

Decree accordingly.