## BURGESS v. BURGESS.

In a libel for a divorce for the cause of adultery, a plea of guilty to an indictment for adultery is admissible in evidence, although the proceeding was in another State.

The confessions of the libellee, when corroborated by other evidence, may justify a decree of divorce.

BELLOWS, J.    Ordinarily the allegations in a libel for divorce will not be regarded as established by the confessions of the libellee, without corroborating evidence ; although in some cases where the circumstances were such as to exclude all suspicions of collusion, and to show clearly that the confessions were sincere, divorces have been granted on such confessions alone, as in *Billings* v. *Billings*, 11 Pick. 461, where the wife confessed that she had committed adultery ; and see Bishop on Marriage & Divorce sec. 310, and cases cited.    In New Hampshire confessions alone are held to be insufficient.    *Washburne* v. *Washburne*, 5 N. H. 195 ; *White* v. *White*, 45 N. H. 121 ; and such is the general doctrine laid down in Bishop on Marriage & Divorces secs. 306–312 ; although it is said that if the circumstances are such as to repel all suspicions of collusion, and to leave no doubt in the mind of the court, it should act accordingly.    *Ibid*, sec. 312.

In *Botts* v. *Botts*, 1 Johns. Ch. 197, it is held that confessions alone, unsupported by other proof, are not sufficient, and this is said to be the rule of the ecclesiastical law also.    So is *Baxter* v. *Baxter*, 1 Mass. 346, and *Holland* v. *Holland*, 2 Mass. 154.    This rule stands on the ground that suits for divorce are not upon the same footing as ordinary suits where only the parties are interested ; inasmuch as the decree may affect the marriage relation, in which the State has a deep interest.

In the case before us, the cause of divorce alleged is adultery, and the proof is mainly derived from the confessions of the wife, and especially from her plea of guilty to an indictment in the State of Massachusetts.    Upon the authorities cited it is clear that confessions may be received and considered, and if corroborated by other testimony, may justify a decree of divorce.    Here there is such corroboration, there being proof that she has been found at a house of ill fame, and that her conduct with other men has been grossly indecent, and such as to create a strong suspicion of impurity of life ; and upon the whole, we have no doubt that the charge in the libel is fully sustained.

The plea of guilty to the indictment is admissible, although in a criminal cause.    *Bradley* v. *Bradley*, 2 Fairfield 367, and *Randall* v. *Randall*, 4 Greenl. 326.    In the latter case, the conviction upon the indictment for adultery was held to be sufficient proof of the allegations in the libel, and it did not appear whether the conviction was on a plea of guilty or not.

The plea of guilty to an indictment for a crime must be regarded as much less open to the suspicion of collusion or insincerity than ordinary confessions, inasmuch as it must be followed by punishment.    Whether a conviction upon a plea of not guilty would be admissible, is open to serious doubt, for the parties are not the same, and an acquittal could hardly be urged as proof of innocence on the trial of a libel for divorce.

We think, also, that the record of the plea of guilty is admissible evidence of that confession, although in another State, and therefore a

*Divorce is decreed.*