(17 Misc. Rep. 329)

## SHRADY v. LOGAN.

(Supreme Court, Special Term, New York County. June, 1896.)

MARRIAGE—ANNULMENT—FRAUD.

Concealment by a woman of the fact that she was the mother of a bastard child is not such fraud as Code Civ. Proc. § 1743, provides shall be a ground for annulling a marriage.

Action by George Shrady against Georgiana M. Logan to annul a marriage. Complaint dismissed.

Charles W. Coleman, for plaintiff.
Britton H. Tabor, for defendant.

PRYOR, J. After a conjugal connection of 10 years, during which it is conceded the defendant conducted herself with irreproachable propriety as a wife, and the parties lived together in harmony and happiness, it is now sought to annul the marriage on the ground of the fraud of the defendant in concealing her antenuptial incontinence. The specific allegation of the plaintiff is that the defendant represented herself to be without vice or blemish in character; whereas, in fact, her conduct before the marriage had been lewd and corrupt, and, at the time of the marriage, she was the mother of an illegitimate child. Supposing these facts to have been disguised from the plaintiff, and that he married the defendant in reliance on her good character, still, upon the authorities, the deception does not seem to be such as to justify an annulment of the marriage contract. The Code authorizes a decree of nullity for "fraud" (section 1743); but, in the absence of statutory definition of the fraud that will avoid a marriage, to ascertain its nature and properties we must have recourse to the adjudications of the courts and the expositions of authoritative text writers. Benton v. Benton, 1 Day, 111, 113. The notion is not to be entertained that the marriage relation, the stability of which is sedulously cherished and supported by the law as a cardinal principle of public policy, is to be dissolved by those false pretenses that suffice for the rescission of the ordinary contracts of commerce. Rumsey, J., in Fisk v. Fisk (Sup.) 39 N. Y. Supp. 537; Clarke v. Clarke, 11 Abb. Prac. 228; Stew. Mar. & Div. § 82; 1 Bish. Mar. & Div. §§ 167, 168. Recurring, then, to the books for the sort of fraud that will avoid a marriage, I find no trustworthy authority for the proposition, either in adjudged cases or in the doctrine of commentators, that the antenuptial issue of an illicit amour, concealed from the husband, is such a fraud in the constitution of the matrimonial relation as destroys its validity; for the fact of such issue merely proves antenuptial unchastity, and antenuptial unchastity, all agree, is not ground for a decree of nullity. In Scott v. Shufeldt, 5 Paige, 43, the express reason of the decision was "that the complainant was defrauded by the defendant by her inducing him to suppose he might be the father of her illegitimate child, when she in fact knew that it was not his, but the child of a negro." Upon this citation the plaintiff relies, but obviously it gives no countenance to his present contention. Pregnancy with an

illegitimate child at the time of the marriage avoids it, for the reason, as stated by courts and writers, that it disables the wife for the present discharge of her proper function, namely, giving offspring to her husband, and because it brings a bastard to his bed, to compete for his fortune with his lawful issue. Manifestly, neither of these objections is applicable to the case of a child born before wedlock.

With all his zeal and research, the learned counsel for the plaintiff adduces no case in which it has been adjudicated that the mere fact of the birth of an illegitimate child before marriage suffices to annul it. That the law should be so I readily concede. But I am to administer the law as I understand it to be, not as I conceive it ought to be; and, in the discharge of this duty, I am unable to hold that, though the fact be as the plaintiff alleges, he is entitled to an annulment of the marriage. Assuming, however, the law as the plaintiff propounds it, upon the evidence I cannot conclude that he was defrauded into the marriage. On the contrary, my clear conviction is that he contracted it with full knowledge of the facts which he now urges for its repudiation. The preponderance of proof by which he was required to support his allegation of deception is with the defendant in her denial of the deception. In his position he is sustained by his own testimony alone; and, besides being open to suspicion from his profound interest in the litigation, that testimony is so invalidated by circumstances of inconsistency and improbability, and by the manner of its delivery, that I cannot accord it credence. On the other hand, the evidence of plaintiff's knowledge of defendant's character and condition before the marriage is quite convincing. The defendant swears that, before accepting plaintiff's offer of marriage, she acquainted him with the fact of her having given birth to an illegitimate child. True, she had an equal interest in the event of the action, and her evidence in collateral circumstances is open to criticism. But upon the essential facts her testimony was candid, unequivocal, and credible. Then, too, she was fully confirmed by her mother, who swore that, before yielding to plaintiff's proposal for the hand of her daughter, she insisted on communicating to him the facts of her daughter's life and illegitimate child. The illegitimate child she did suggest to him, but he stopped her by the emphatic assurance that "he knew all"; that the defendant "had been very honest about it"; that "I know everything. She shall never need. She shall never go on the stage again, and the boy, that boy, shall never work or want." Of course, the mother is greatly concerned for her daughter's success in the suit. Nevertheless, I am firmly impressed with the truth of her testimony. Furthermore, that the plaintiff was apprised of the fact of the illegitimate child is in a measure corroborated by the testimony of Rose Van Keuren, an entirely disinterested and very intelligent witness. Upon all the evidence, I am constrained to the conclusion that the marriage between these parties may not be annulled for fraud.

Judgment dismissing the complaint on the merits, with costs.