### FONTANA v. FONTANA.

(Supreme Court, Special Term, New York County. May 21, 1912.)

MARRIAGE (§ 58*)—ANNULMENT—FRAUD.

Where defendant about three months before she married plaintiff represented to him that she was "a good, respectable girl," in reliance upon which plaintiff married her, but defendant was pregnant, and a child was born about three months after the marriage, without plaintiff having had intercourse with her, plaintiff was entitled to have the marriage annulled for fraud.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. §§ 115–123; Dec. Dig. § 58.*]

Action to annul a marriage by Luigi Fontana against Florence Fontana. Judgment for plaintiff.

Maurice L. Shaine, of New York City, for plaintiff.

John Palmieri, of New York City (Samuel Wechsler, of New York City, of counsel), for defendant.

GIEGERICH, J. It appears from the plaintiff's testimony that the defendant, about three months before the marriage, represented to him that she was a "good, respectable girl," and the plaintiff believed such statements and in reliance thereon married the defendant. It is unquestionable from the evidence, however, that, when such representations were made, she was pregnant by another man, which fact she concealed from her husband until after the marriage. It further appears that the plaintiff neither before nor after the marriage had sexual intercourse with the defendant, that when the marriage took place he had no knowledge that his wife was pregnant,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes ·

and that the latter gave birth to a child about three months after the marriage.

The rule applicable to the situation thus disclosed by the evidence is stated in 26 Cyc. 903, as follows:

"When a woman about to marry pretends to be chaste and conceals from her prospective husband that she is then pregnant by another man, the concealment is such a fraud as to justify the annulment of the marriage. But this relief will not be granted when the complainant had previously had illicit relations with the woman, and particularly where he is informed of her pregnancy, although he is deceived or misled as to the paternity of the child."

In Shrady v. Logan, 17 Misc. Rep. 329, 330, 40 N. Y. Supp. 1010, 1011, Mr. Justice Pryor said that:

"Pregnancy with an illegitimate child at the time of the marriage avoids it, for the reason, as stated by courts and writers, that it disables the wife for the present discharge of her proper function—namely, giving offspring to her husband—and because it brings a bastard to his bed to compete for his fortune with his lawful issue."

Upon all the evidence the plaintiff is clearly entitled to judgment annulling the marriage; but no costs will be allowed. Let requests for findings in accordance with these views be submitted, with proof of service.