### MONYPENY v. MONYPENY.

(Supreme Court, Appellate Division, First Department. January 21, 1916.)

1. DIVORCE ⬅115—ADULTERY—CONFESSIONS.

In an action for absolute divorce on the ground of defendant's adultery, his confessions were admissible in evidence.

[Ed. Note.—For other cases see Divorce, Cent. Dig. §§ 371–378; Dec. Dig. ⬅115.]

2. DIVORCE ⬅129—ADULTERY—CONFESSIONS—CORROBORATION.

To avoid the danger of collusion, the courts will refuse to grant divorces upon the defendant's confession alone, but will require some corroboration thereof, though, if there be such corroboration, the confession will furnish sufficient evidence to support a decree, and it is not necessary that the corroboration be sufficient by itself to prove the fact of adultery, but it need only tend to corroborate the facts stated in the confession, so that, where the corroborating evidence showed defendant's acts natural and probable if the facts stated in his confession were true but otherwise not, there was sufficient corroboration.

[Ed. Note.—For other cases; see Divorce, Cent. Dig. §§ 411–441, 454; Dec. Dig. ⬅129.]

Page and Laughlin, JJ., dissenting.

Appeal from Special Term, New York County.

Action for absolute divorce by Florence W. Monypeny against Brunson B. Monypeny. From an order denying a motion to confirm the report of a referee in an action for absolute divorce, plaintiff appeals. Reversed, and motion to confirm the report and for an interlocutory decree granted.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and PAGE, JJ.

Harold G. Aron, of New York City, for appellant.
Richard F. Weeks, of New York City, for respondent.

SCOTT, J. This is an action for absolute divorce. The referee found that the defendant had been guilty of the acts of adultery charged in the complaint, but the court at Special Term, being dissatisfied with the proof, refused to confirm the report. The evidence consisted in the main of confessions made by defendant to business associates and others towards whom he held intimate relations. If these confessions be accepted at their face value, they furnish ample evidence of adultery on the part of defendant.

[1, 2] It is well settled that the confessions of a defendant in an action of this character are admissible in evidence. In order, however, to avoid the danger of collusion, the courts have refused to grant divorces upon this evidence alone, but require some corroboration of the facts stated in the confessions. If there be such corroboration, the confessions will furnish sufficient evidence to support a decree. Madge v. Madge, 42 Hun, 542. It is not necessary that the corroboration should be sufficient, standing by itself, to prove the fact of adultery. What is required is that it shall tend to corroborate the facts stated in the confession. Thus, if it is made to appear, by evidence outside of his own confessions, that a defendant has done acts which it would be quite natural and probable that he would do if the facts stated in his confession are true, but quite unnatural and improbable if the confession was untrue, there is presented some corroboration of the truth of the confession.

Without dwelling upon the unsavory details of the evidence, it is sufficient to say that we are satisfied that the confessions are true, that they are sufficiently corroborated, and that the case is not a collusive one.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion to confirm the referee's report and for an interlocutory decree be granted, with costs to plaintiff. Settle order on notice.

CLARKE, P. J., and McLAUGHLIN, J., concurs.

PAGE, J. (dissenting). The sole evidence in this case is certain alleged confessions of the defendant to his wife's brother, to a partner in business who was engaged to his wife's sister, and to another business partner, and an alleged confession of the corespondent made to one of these witnesses. There is no proof of a single fact tending to

corroborate these alleged confessions. There is no evidence that the defendant was seen in the company of the corespondent at any time under such circumstances as to afford an opportunity for the commission of adultery, nor was any evidence given as to any impropriety of conduct toward each other, at the only time they were seen together, which was in a reputable restaurant. No objection was made to receipt of any of this evidence, and the cross-examination of the witnesses by defendant's attorney was most perfunctory.

In my opinion this decision will be a dangerous precedent, and to a large extent destroy the safeguard against collusive divorces, which is found in the rule which requires that there must be evidence of some fact tending to corroborate an alleged confession of the defendant or of a corespondent. In my opinion the order should be affirmed.

LAUGHLIN, J., concurs.