GLADYS L. BUCHANAN, by FLOY BENNETT, Her Guardian ad Litem, Appellant, *v.* CHARLES W. BUCHANAN, Respondent.

Third Department, May 23, 1930.

*Tillapaugh & Relihan,* for the appellant.

*Warren D. Jennings,* for the respondent.

HASBROUCK, J. The referee predicated his finding of the adultery of the plaintiff on the illegitimacy of her child.

There is no finding that plaintiff committed adultery with an unnamed man behind the clothes she hung over the door; no finding that she committed adultery with Llewellyn Blow. Indeed there is no evidence that there was an opportunity for commerce with him until some time in May, 1928. The period of gestation, if Blow were the author, could not have expired until February, 1929. While there is no evidence that plaintiff ever had a baby the fact was not disputed on the argument nor that it occurred weeks prior to February, 1929.

One of the strongest presumptions in the law is that of legitimacy in a child. To destroy this presumption the father must prove non-access by irrefragable testimony. (*Mayer* v. *Davis,* 122 App. Div. 394; Schouler Marr. Div. Sep. & Dom. Rel. vol. 2 [6th ed.], p. 1479; Civ. Prac. Act, § 1157.) There is no such testimony in the recod.

The subject of the weight of this presumption has recently been discussed and passed upon by the Court of Appeals. (*Matter of Findlay,* 253 N. Y. 1.) I find nothing in the opinion in that case that is in conflict with the views here expressed.

And there is — and it seems to have been relied upon by the

referee in finding adultery — the letter of the plaintiff to her husband, defendant's Exhibit " 4," dated July 26, 1927 (1928), saying, " I have done things wrong Charles * * *. I am going to have a baby. There, that shows I will let you get a divorce, just to show you how much I will help."

There is no statement of when she is going to have a baby, no statement that she is already or presently with child. The gist of the statement is that in order to help him get a divorce she is going to have a baby. Such talk on the part of an eighteen-year-old wife — neglected and cast out upon her own resources — seems unsatisfactory as evidence.

The law seems plain that the courts in granting divorces should have assurance that no imposition has been practiced upon them and out of such or like conditions the rule has been established that divorces will not be granted by confessions unsupported by corroborative evidence. (*Betts* v. *Betts*, 1 Johns. Ch. 197; *Anonymous*, 17 Abb. Pr. 48; *Lyon* v. *Lyon*, 62 Barb. 141; 40 A. L. R. 630.)

The confession here is not corroborated by the facts above referred to and found in the referee's report. The first of such facts refers to June, 1927; the second to the plaintiff's seeking shelter with Blow some time in May, 1928. Those facts do not support a conception which took place between those dates.

The judgment should be reversed, order of reference vacated and new trial granted, with costs to the appellant.

HINMAN, Acting P. J., DAVIS, WHITMYER and HILL, JJ., concur.

Interlocutory judgment reversed on the law and the facts and new trial granted, with costs to the appellant.

Findings of fact Nos. III, X, XI, XII, XIII and XIV are reversed. Conclusions of law Nos. I and II are disapproved.