EMMIE ROSENZWEIG, Appellant, *v.* FRANK ROSENZWEIG,
Respondent.

Second Department, December 1, 1930.

*Arthur C. Mandel,* for the appellant.

No appearance or brief for the respondent.

HAGARTY, J. This action was brought by the plaintiff against
the defendant for an absolute divorce upon the ground of adultery.
The defendant defaulted in pleading and appearing. The court
dismissed the complaint, holding as a matter of law that the parties
were guilty of collusion.

The record contains evidence of the commission of adultery by
the defendant in the city of New York in the month of June, 1927.
Plaintiff's claim is that she had no knowledge of this offense at the
time. Some two years thereafter the plaintiff instituted a suit for
separation, in the meantime ignorant of the defendant's adultery.
The separation suit led to the disclosure of the defendant's act of
infidelity, which was followed by an agreement entered into between
the plaintiff and the defendant on the 23d day of April, 1930.
This agreement recites the marriage of the parties on the 29th day
of December, 1919, the birth of the child Norma, the institution of
the separation action and the later discovery by the plaintiff of
the defendant's misdeeds. In it the defendant then agreed to
furnish the plaintiff with the proof of his act of adultery to which
I have referred, upon the following conditions:

" *First.* That the party of the second part agrees that he will in
good faith give unto the party of the first part information and proof
of acts and adultery committed by him, without the knowledge,
privity, procurement, consent or connivance on the part of the

party of the first part, upon which information and proof the said party of the first part may commence an action in the Supreme Court, State of New York, County of the Bronx, praying for a decree for an absolute divorce.

" *Second.* That in the event of the bringing of the said action for an absolute divorce, the judge or the referee, hearing the evidence in the said action shall be advised of the execution of this agreement and that this agreement shall be subject to the approval of the Court.

" *Third.* In the event of the granting of the said decree, the said party of the first part will waive any claims she may have against the said party of the second part for alimony or counsel fee in the said action, but the decree shall provide that during the minority of the issue of the said marriage, to wit, Norma Eleanor Rosenzweig, the party of the first part should have sole care and custody of said infant and of her support and education and the party of the second part shall pay for the support of the said infant, during the said period, the sum of Ten ($10.00) Dollars each and every week, commencing from the date of this agreement."

The question for determination is whether or not the furnishing of the information to the plaintiff by the defendant of his acts of adultery constitutes collusion debarring the plaintiff from the relief which she seeks in this action. In my opinion, it does not. It is but a circumstance to be taken into consideration by the trial court in determining the question of fact. It is collusion in the offense that is contemplated by the law.

In *Doeme* v. *Doeme* (96 App. Div. 284), relied upon by the learned trial court, I find no intimation that such acts as I have described amounted to collusion. The appeal there was by the plaintiff from an order of the Supreme Court appointing a referee to take evidence and report to the court as to whether an interlocutory judgment of divorce theretofore entered in favor of the plaintiff was obtained by fraud and collusion. It seems that at or about the time of the trial of that action and the entry of an interlocutory judgment, three other actions between the parties involving financial differences between them were settled. The court wrote, in its opinion, that the settlement of financial transactions between a husband and wife at or about the time of the granting of a divorce was not a badge of fraud or collusion or even a suspicious circumstance requiring investigation. Collusion is well defined in the opinion as follows: " Collusion, as that term is used in matrimonial actions, is an agreement between a husband and wife to procure a judgment dissolving the marriage contract, which judgment, if the facts were known, the court would not grant." The court

then recognized that it was not suggested that the acts of adultery charged against the defendant and which it was proved he committed were procured to be done by the plaintiff or that she connived at their commission or had any knowledge of them until long after their commission. The court then did say that it was not even intimated that the evidence by which such acts were proved was furnished by the defendant, but that was the assumption of the extreme facts in a case which was not then before the court. From the opinion, written by McLAUGHLIN, J., I quote: " Indeed, I do not understand that any claim is made, either in the moving papers or in the brief presented by the respondent's counsel, that there was any collusion so far as the commission of the offenses is concerned, or that any fraud was practiced upon the court with reference to proving them. What is claimed in substance as constituting the collusion is that, at the time of the commencement of this action, three other actions were instituted by the plaintiff against the defendant by which his funds, amounting to upwards of $60,000, were tied up and he was thereby coerced into consenting to a divorce."

In *Dodge* v. *Dodge* (98 App. Div. 85) the facts are much involved and need not be stated. It is sufficient to say that it was there held that the collusion which will defeat a judgment of absolute divorce is collusion in procuring or conniving at the act or acts of adultery; that a mere arrangement between the parties to facilitate the proceedings in the divorce action does not constitute such collusion. I quote the following from the opinion (p. 88): " It was suggested upon this appeal that the parties in the action of divorce were guilty of collusion. If by collusion is meant that Mrs. Dodge and her attorney by arrangement with Dodge took steps to facilitate the proceedings, there would be force in the suggestion. But the collusion that would be fatal here to a valid decree is collusion in procuring or conniving at the act or acts of adultery. It is not pretended that the plaintiff had any knowledge, collusive or otherwise, of the offenses committed by her husband at Atlanta, Ga. He was then residing there and she in New York, and there is no room for the suggestion that she colluded with him to commit the offense. (*Doeme* v. *Doeme*, 96 App. Div. 285.) The parties who have since that decree innocently intermarried are entitled to every consideration to the protection of the court in the vindication of their innocence and integrity."

In *Werner* v. *Werner* (153 App. Div. 719) it was held that a stipulation between a husband and wife, entered into after their separation and the commencement of an action for divorce, fixing the amount of counsel fees and alimony *pendente lite*, determining

the amount of alimony, costs and expenses which should be paid upon the granting of a final decree, and providing that the final decree, if procured, should not contain any mention of counsel fees, alimony or provisions for the payment of money by the defendant to the plaintiff, and further providing that, if the defendant defaulted in making payments, the plaintiff might upon three days' notice move to amend the final decree so as to conform to the terms of the stipulation, was valid and enforcible, and that a motion by the plaintiff to amend the final decree pursuant to the stipulation upon default of the defendant in making payments, should be granted.

In *Monypeny* v. *Monypeny* (171 App. Div. 135) it was held that in an action for divorce a confession of the defendant is admissible on the issue of adultery. It was further held, however, that, to avoid collusion, corroboration of the facts was essential, and that, if there be such corroboration, the confession will support a decree. It was further held that it is not necessary that the corroboration should be sufficient, standing by itself, to prove the fact of adultery.

In the case before us, upon the proof submitted, there was no collusion in the act of adultery, as a question of law. In so far as the plaintiff's rights are concerned, they accrued to her and became fixed at the time the offense was committed, subject to be exercised upon her discovery of the wrong which had been done her. Disclosure by the husband himself did not take from her these rights. She was under no obligation to institute an action for divorce upon the facts presented, nor did she covenant to institute such action in the written agreement. Her position was the same as though the knowledge had come to her from an entirely independent source, and it was her privilege and right then to institute this action. The facts presented do not, in and of themselves, constitute collusion. The question remains one of fact in the case.

Since the learned trial court did not pass upon any of the issues of fact, a new trial will be granted.

The order should be reversed upon the law and the facts and a new trial granted, without costs.

LAZANSKY, P. J., RICH, KAPPER and CARSWELL, JJ., concur.

Order dismissing complaint reversed upon the law and the facts and a new trial granted, without costs.