LEONARD IATI, an Infant, by JOSEPHINE IATI, His Guardian ad Litem, Plaintiff, *v.* OLGA IATI, an Infant, by GUY E. WYATT, Her Guardian ad Litem, Defendant.

Supreme Court, New York County, May 24, 1934.

*Abraham M. Levy*, for the plaintiff.

*W. Bruce Cobb* [*John T. S. Wade* of counsel], for the defendant.

HOFSTADTER, J.   This is an action to annul a marriage on the ground that the plaintiff's consent thereto was induced by the

fraud of defendant in that she represented to him that she was " respectable and a chaste and virtuous woman " when, in truth, she was with child by another man. The defendant admits that she was then pregnant but insists that she had sexual relations only with the plaintiff; that he knew of her pregnancy prior to the marriage; and that he is the father of the child born three months thereafter. The plaintiff denies any knowledge of her condition at the time of the marriage and also that he had had any relations with defendant prior to that time.

The testimony adduced at the trial raises a sharp issue of fact as to paternity of the child. A decree of annulment under the claim of the plaintiff must be predicated on a definitive ruling of illegitimacy (*Fontana v. Fontana*, 77 Misc. 28), for it is clear that concealed pregnancy is not a sufficient ground for annulling the marriage where the husband is the father of the child, even though its conception was without the sanction of the marital contract.

There is dispute as to the parentage of the child. The only persons capable of apprising the court of the true facts have unqualifiedly contradicted each other. The plaintiff and defendant were in daily association during the period of courtship and there was a reasonable possibility of such access at the time of conception as could have enabled the plaintiff to be the father of the child. The husband has not established to the satisfaction of the court that he is not the parent, and in the absence of such clear and convincing proof, the usual rule that a husband is presumed to be the father of a child born subsequent to the marriage should prevail to deny him relief. (Cf. *Matter of Findlay*, 253 N. Y. 1, 7; *Buchanan v. Buchanan*, 229 App. Div. 631.) Under these circumstances, the court has no alternative but to decide the issue against the party upon whom the law places the burden of proof. It is the obligation of the court, founded on a sound policy of the law, to preserve the legitimacy of the child and the reputation of the mother where it can be done consistently with the law and the facts.

Moreover, in any event, I credit the testimony of the defendant that the parties voluntarily cohabited as man and wife in Kingston, N. Y., subsequent to the birth of the child, at a time when the husband must have had full knowledge of the facts constituting the alleged fraud. In view of this finding, the express provision of section 1139 of the Civil Practice Act precludes any judgment dissolving the marriage.

Submit requests for findings and conclusions accordingly.