GUY DELLARIA, Plaintiff, v. CARRIE DELLARIA, Defendant.

Supreme Court, Special Term, New York County, November 24, 1944.

*Joseph La Gattuta* for plaintiff.

*Bernard Schwartz* for defendant.

SCHREIBER, J. Plaintiff brings this action against his wife for an absolute divorce and for a determination of the legitimacy of a child of the defendant born after the plaintiff and defendant had separated.

Prior to their separation in November, 1940, one child, Guy, Jr., was born. After the parties had separated and on June 20, 1943, the defendant gave birth to another child. There-

after the present action was instituted by the plaintiff charging the defendant with adultery and alleging that the child born on June 20, 1943, was not the plaintiff's child but that it is the illegitimate child of the defendant.

During the pendency of the action the plaintiff applied for an order pursuant to section 306-a of the Civil Practice Act requiring the defendant to produce the second child before a physician appointed by this court for the purpose of having a blood grouping test of the blood of said child and of the plaintiff. Such an examination was made by Dr. John T. Myers pursuant to the order of this court.

Dr. Myers testified as to his qualifications and experience in making such tests. He testified that the plaintiff could not possibly be the father of the child born on June 20, 1943.

Dr. Philip Levine, who had also made a blood grouping test, gave it as his opinion that the child in question was not plaintiff's child. There was no testimony offered by the defendant to impeach the physicians' credibility or their ability or qualifications to make the tests. To overcome the testimony of these physicians the defendant and her mother swore that the plaintiff had access to the defendant and the defendant testified that she had relations with the plaintiff since their separation and up to the time of the birth of the child in question.

The doctors' testimony is convincing, whereas that of the defendant and her mother is not.

The motion to strike out the testimony of Dr. Levine is denied.

The testimony of the plaintiff given in rebuttal, to the effect that he did not have access to the defendant, may not stand, and the defendant's motion to strike this testimony is granted.

Section 349 of the Civil Practice Act declares a husband or wife incompetent " to testify against the other " upon the trial of an action " founded upon an allegation of adultery ".

The husband's testimony on nonaccess in support of his action tended to show adultery by excluding him from paternity of the child. He was clearly incompetent to give such testimony. (*Admire* v. *Admire,* 180 Misc. 68.) Plaintiff has sustained the allegations of his complaint and is entitled to a decree. The custody of Guy, Jr., will be awarded to the wife.

Settle decision and judgment.