FREDERICA H. KELLEY, ARTHUR D. KELLEY, ARTHUR D. KELLEY, JR., AND MARGUERITE KELLEY, COMPLAIN-ANTS-APPELLANTS, v. NORTH MORRIS REALTY CO., A CORPORATION, DEFENDANT-RESPONDENT.

Argued January 24, 1949—Decided February 21, 1949.

422

Mr. *Samuel C. Meyerson* argued the cause for complainants-appellants.

Mr. *Harold B. Domb* argued the cause for defendant-respondent.

The opinion of the court was delivered by

CASE, J. The suit is to compel the defendant to perform its contract for the purchase of real estate. Chancery decreed that complainants were not possessed of a marketable title and dismissed the bill. The appeal is from the decree thereon.

The title is in Frederica H. Kelley and came to her by will from Mrs. Margaret L. Beemer. The determination is controlled by the construction to be given the pertinent paragraph in Mrs. Beemer's will:

"All the rest, residue and remainder of my estate and property, real and personal, wherever the same may be I give, devise and bequeath unto Frederica Donaldson (daughter of Frederick and Mary Donaldson, both deceased), and now called Frederica Beemer. If the said Frederica Donaldson shall die without leaving any lawful child or children of hers surviving, then it is my will that the estate and property herein bequeathed and devised to her shall be divided among my heirs-at-law living at the time of her decease."

Frederica H. Kelley was born Frederica Donaldson. She was a niece as well as the adopted daughter of Mrs. Beemer. When Mrs. Beemer died, January 25, 1900, two and one-half years after making the will, she was survived by two nephews, a half brother and two half sisters, all of whom are now dead without issue. The only presently surviving heir-at-law of Mrs. Beemer is the said Frederica H. Kelley who has a husband and a married son. Mrs. Kelley, her husband, her son and the son's wife signed the contract as vendors, are the complainants in the suit and hold themselves ready to join in the conveyance.

Complainants contend that the testamentary contingency regarding the death of Frederica without child or children her surviving relates only to the happening thereof during the lifetime of the testatrix, that, if necessary, the court should read into the will the words appropriate to that result, and, Frederica having survived the testatrix, that a fee simple absolute became vested in her at the death of the testatrix. That argument and the cases cited in support depend upon the essential hypothesis that the intention of the testatrix ran that way. All principles of testamentary construction rest upon the theory that they serve to ascertain and not to defeat the

intention of the maker of the will. We are persuaded by the wording of the will that Mrs. Beemer had in mind the death of Frederica following and not preceding her own demise. Particularly are we influenced by the provision that the heirs-at-law (of the testatrix) to whom the gift over is made were the persons who should so qualify on the death of Frederica and not at the death of the testatrix. It is, we think, quite unlikely that if Mrs. Beemer were arranging for a division of her estate upon the eventuality that when she died neither Frederica nor anyone in the latter's stead would be living she would make the division among those who answered the description of heirs-at-law of the testatrix at *Frederica's* death rather than at her own death. It would be quite meaningless for the will to look back of its speaking date to some prior time in order to determine the identity of the heirs-at-law of the testatrix. On the other hand, the death of Frederica after the death of the testatrix would have immediate connection with the determination of the then living heirs-at-law because it would be then that the title would devolve.

There is the further fact, not sufficiently certain in its effect to be in itself conclusive, but nevertheless serving to buttress the view of the intention of the testatrix expressed above, that the language of the will appears to present no doubt about an estate actually going to Frederica; the doubt is not that Frederica will take but as to how much she will take. The estate goes to her, but if she should die without child "the estate and property herein bequeathed and devised to her shall be divided among my heirs-at-law" who shall then be living. Mrs. Beemer was of an older generation than was Frederica, wherefore the probability, apparently accepted by the testatrix as an anticipated fact, was that the latter would outlive the former; a probability vindicated by the present litigation conducted by Frederica nearly fifty years after Mrs. Beemer's death. When Mrs. Beemer made her will, and until the time of her death, she had close relatives, two of them of the same blood relationship as Frederica although lacking the element of adoption. It was not unnatural that the testa-

trix should wish to make provision for those relatives conditioned upon the death at any time of Frederica, childless.

The contingency was not as to the death of Frederica, which was certain to occur, but as to her leaving a child at the time of her death, which was not a certainty at the execution of the will or at the death of the testatrix and is not now. The first sentence in the quoted paragraph of the will standing by itself gives an absolute fee to Frederica. The second sentence is not void as repugnant to the preceding sentence. The two sentences, constituting the whole provision, must be read together to ascertain the intention of the testatrix. Frederica is not entitled to a fee simple absolute. The will gives to her a vested fee which will become divested at her death if she dies without leaving a lawful child her surviving. *Cf. Patterson v. Madden,* 54 *N. J. Eq.* 714 *(E. & A.* 1896*); Shreve v. Wilkins,* 82 *N. J. Eq.* 18 *(Ch.* 1913*); Hampton v. Newkirk,* 93 *N. J. Eq.* 270 *(Ch.* 1922*); Schumann v. Bogert,* 17 *Misc.* 329 *(Ch.* 1939*).* Appellants rely chiefly upon the decisions in *Denise v. Denise,* 37 *N. J. Eq.* 163 *(Ch.* 1883*), Burdge v. Walling,* 45 *N. J. Eq.* 10 *(Ch.* 1889*), Snyder v. Taylor,* 88 *N. J. Eq.* 513 *(Ch.* 1918*),* and *Yawger v. Yawger,* 37 *N. J. Eq.* 216 *(Ch.* 1883*).* We are not influenced by those decisions to the contrary of our conclusion stated above.

The decree below will be affirmed.

*For affirmance:* Chief Justice VANDERBILT and Justices CASE, HEHER, WACHENFELD, BURLING and ACKERSON—6.

*For reversal:* None.