ELINOR OHMS, Respondent, v. FREDERICK OHMS, Appellant.— In an action by a wife for separation on the grounds of abandonment and nonsupport, her husband counterclaimed both for divorce and for separation on the ground of cruelty. After trial, an amended judgment was entered (a) dismissing the complaint for separation; (b) dismissing the counterclaim for divorce on the ground that plaintiff's adultery had been condoned; (c) granting defendant a separation on the ground of cruelty; (d) refusing to make a finding with respect to the legitimacy of Paul Philip Ohms; (e) granting custody of Leslie Ohms and Paul Philip Ohms to plaintiff; (f) directing defendant to pay $40 a week to plaintiff for the support of the two children. Defendant appeals from the amended judgment insofar as it denies him a divorce, refuses to make a finding with respect to Paul's legitimacy, and grants custody of Leslie to plaintiff. Amended judgment, insofar as appealed from, modified on the law, without costs, by striking therefrom the second ordering paragraph and by substituting therefor a provision granting defendant a divorce on his counterclaim; by striking therefrom the third, fifth, sixth, seventh, eighth, ninth and tenth ordering paragraphs; and by striking therefrom the fourth ordering paragraph and by substituting therefor a provision that defendant's counterclaim for separation be dismissed. As so modified, amended judgment affirmed, without costs. The findings of fact of the Special Term are affirmed. The matter of the legitimacy of Paul Philip Ohms is severed and remitted to the Special Term for hearing and determination, at which time the Special Term shall also reconsider and make appropriate provisions for custody, support, and visitation of both children. The condonation by defendant was conditioned upon plaintiff's future good conduct. Plaintiff's cruelty after the conditionally condoned adultery was sufficient to revive her adultery as the basis of the action for divorce (*Kreighbaum* v. *Kreighbaum*, 118 Misc. 100; *Johnson* v. *Johnson,* 14 Wend. 637; *Timerson* v. *Timerson,* 2 How. Prac. [N. S.] 526.) Plaintiff's subsequent cruelty was inextricably related to the confessed adultery, which defendant had condoned. The answer alleges the illegitimacy of Paul distinctly enough to require a determination of that issue. In view of the modification of the amended judgment and the severance and remission with respect to Paul's legitimacy, the questions of custody, support and visitation of both children should be reconsidered. A special guardian should be appointed to protect the interests of the infant Paul. Our determination granting defend-

ant a divorce on his counterclaim requires the deletion from the judgment of the provision granting defendant a separation on his counterclaim. Wenzel, Acting P. J., Schmidt and Murphy, JJ., concur; MacCrate, J., concurs, except as to the granting of a divorce to defendant on his counterclaim and the deletion of the provision granting him a separation on the counterclaim, with the following memorandum: When *Johnson* v. *Johnson* (14 Wend. 637) was decided, the Revised Statutes provided that "the court *may* deny a divorce" where the adulterous offence had been forgiven (Rev. Stat. of N. Y. [1829], part II, ch. VIII, tit. I, § 42). Presently the statute (Civ. Prac. Act, § 1153) declares that a plaintiff "is not entitled to a divorce, although the adultery is established" where there has been forgiveness. It would seem that the dissent in *Johnson* v. *Johnson* (*supra*) must have induced the Legislature to frame the statute so as to deny absolutely a right to divorce for an act which has been condoned. Beldock, J., dissents and votes to affirm the amended judgment, with the following memorandum: *Johnson* v. *Johnson* (14 Wend. 637), upon which the majority relies, involved the same question present here. The other cases cited by the majority rely solely on the claimed authority of that case. In *Burr* v. *Burr* (10 Paige Ch. 20, 35), decided shortly after *Johnson* v. *Johnson* (*supra*), it was stated that that question was not authoritatively decided therein and remained an open one. In this State, where the sole ground for divorce is adultery, and where the statute (Civ. Prac. Act, § 1153) specifically provides that the plaintiff "is not entitled to a divorce, although the adultery is established" where the offence charged has been forgiven by the plaintiff, it is repugnant to the intention of the statute to hold that subsequent cruelty (which is a ground only for separation) may revive the condoned adultery and entitle plaintiff to a decree of divorce.