Arthur D. Brennan, J.
This is an action for a separation by a wife based upon abandonment and nonsnpport.
The parties were married on May 12, 1954. The complaint alleges that the issue of the marriage is a child born on January 22,1956; that the defendant has refused to support the plaintiff and said child and has abandoned them all in breach of a separation agreement entered into by the parties on July 13, 1955 and attached to and made a part of the complaint.
*768 The answer denies the paternity of the child and the allegations of nonsupport and abandonment. The defendant admits that the parties entered into the separation agreement attached to the complaint but denies the allegations that there was a breach thereof. As an affirmative defense the defendant alleges that on or about March 1, 1955, and at other unknown times the plaintiff committed adultery with a person unknown to the defendant as the result of which a child was born to the plaintiff on January 22, 1956. The defendant’s motion to amend the answer, so as to interpose a counterclaim for a divorce on the ground of the aforesaid alleged adultery of the plaintiff was granted. There was no opposition and this court considers that a reply was interposed denying the allegations of the counterclaim.
After issue was joined, the defendant moved for an order directing a blood grouping test of himself, the plaintiff and the child for the purpose of excluding his paternity of the child. The application was granted (the plaintiff did not oppose the application) and an order thereon was entered August 2, 1956.
These blood grouping tests were made by Dr. Ruth M. Barrett and Dr. Robert A. Fox; both are physicians who specialized in pathology. They testified that the tests conducted by them conclusively exclude the possibility of the defendant being the father of the child in question and this court finds that said tests were skillfully conducted.
The attorney for the plaintiff asserts that the presumption of legitimacy resulting from the fact that plaintiff and the defendant lived together during the period of gestation is not subject to rebuttal. However, our Appellate Division has held that “ Reason and logic, as well as a recognition of the modern advances in science, compel a determination that the presumption of legitimacy is not conclusive but rebuttable. The probative value of the results of skillfully conducted blood grouping tests has been widely accepted. The tests of course will be relevant only if they show noncompatibility as between the blood of defendant, the plaintiff, and the twins. If so, such evidence should be deemed conclusive as to nonpaternity. ’ ’ (Anonymous v. Anonymous, 1 A D 2d 312, 316.) Such has been the holding in the Appellate Divisions in other departments. (Commissioner of Welfare of City of N. Y. v. Costonie, 277 App. Div. 90; Clark v. Rysedorph, 281 App. Div. 121.)
The special guardian appointed for the infant concedes the applicability of the cited cases to the case at bar and stated in his report that it was his opinion that the sole question which this court must decide is whether there was a proper foundation *769 for the introduction of the results of the blood grouping tests. This court finds, after a careful review of the testimony, that it was amply demonstrated that the tests were properly taken; that the testimony of Drs. Barrett and Fox definitely establishes, that the defendant could not possibly be the father of the child in question; that their evidence is uncontradicted and is conclusive as to nonpaternity.
Accordingly the complaint is dismissed, without costs and the defendant is entitled to a judgment for divorce on his counterclaim, without costs.
With respect to the plaintiff’s prayer (contained in the supplemental complaint) that the court determine the amount of the arrears remaining unpaid under an order granting an allowance for the support and maintenance of the child during the pendency of this action and for a judgment for such arrears, this court is of the view that such an application must be made by separate motion on notice to the defendant and in accordance with the provisions of section 1171-b of the Civil Practice Act.
The foregoing shall constitute the decision of this court, pursuant to the provisions of section 440 of the Civil Practice Act.
Settle judgment on notice to the attorney for the plaintiff and the special guardian herein.