## " J.", Plaintiff, v. " J.", Defendant.

Supreme Court, Special Term, Kings County, June 5, 1962.

*Patt & Heimowitz* for plaintiff.  *David R. Rubin* for defendant. *Louis J. Merrell,* as special guardian for B.

LOUIS B. HELLER, J.  The plaintiff husband brings this action for divorce and for an adjudication that the child, B., born to the defendant wife, is illegitimate.  Plaintiff has charged the defendant with having committed adultery in May, June and July, 1957, and has expressly alleged in his complaint that B. is not his child.

The answer interposed by defendant has denied generally the allegations of the complaint and has set up two affirmative defenses based on condonation and on voluntary cohabitation with knowledge of the facts.  As an additional affirmative defense, and by way of counterclaim for an annulment, the defendant alleges that the plaintiff falsely and fraudulently represented to her, prior to marriage, that he would set up a home for the defendant and himself, separate and apart from that of their parents, and that he would have issue by her.  In his reply thereto, plaintiff has denied the allegations of the counterclaim and has asserted as a separate defense that the fraud alleged by defendant to have been perpetrated upon her was discovered, and was known to her, more than three years prior to service of the counterclaim.

The established facts show that the parties were married in the Borough of Brooklyn on November 9, 1955 and lived together as husband and wife until May or June of 1957, when they separated. Subsequent to the separation of the parties, and on or about March 11, 1958, the defendant gave birth to B.

During pendency of this action, and by order of the court, on application made pursuant to section 306-a of the Civil Practice Act, a blood grouping test of the child's blood and that of the plaintiff was performed by Dr. George J. Brancato, a physician designated by the court to make such test. The results of that test show that plaintiff is not the father of the child here involved, and thus confirm the findings made upon a previous blood grouping test performed on consent of the parties, without application to the court, by Dr. Alexander S. Wiener.

The defendant testified, upon the trial of this action, that in June, 1957 she notified the plaintiff that she was pregnant and that the child was not his. This constituted in effect an admission or confession of adultery. As such, it was admissible in evidence (*Monypeny* v. *Monypeny*, 171 App. Div. 134). Defendant contended, however, that the plaintiff pardoned the adultery, and voluntarily cohabited with defendant, with knowledge of her misconduct, over separate periods of time, to wit: for a short period in December, 1957 and for a further period or periods running from December, 1960 to February or March, 1961. The plaintiff in his testimony upon the trial denied that he had condoned defendant's offense and had cohabited with her after disclosure of her misconduct, and he specifically stated that he had no marital relations with defendant after May, 1957. He also denied the defendant's claim that he had refused to have children.

Upon the evidence adduced in this action, the court is satisfied that the defendant committed adultery in May, 1957 as alleged by plaintiff. The court attaches no credence to defendant's claim that there was condonation and voluntary cohabitation with knowledge of the facts after commission of the adultery, and therefore finds a failure on the part of defendant to establish her defenses based thereon. The court concludes further, that defendant has failed to establish the allegations of her counterclaim, and said counterclaim is therefore dismissed. Plaintiff is accordingly entitled to a judgment of divorce in his favor.

As regards the question of the legitimacy of the child B., such issue is a proper subject for determination in this action (Civ. Prac. Act, § 1157); and indeed, since the plaintiff has squarely raised the issue of the child's legitimacy in the allega-

tions of his complaint and in his prayer for relief in said pleading, the court is required to make a determination as to said issue (*Ohms* v. *Ohms,* 285 App. Div. 839; Rules Civ. Prac., rule 279). Accordingly, the court finds, albeit reluctantly, that the evidence establishes the nonpaternity of the plaintiff.

In arriving at a determination granting a divorce to plaintiff, and in determining that the plaintiff is not the father of B., the court has been guided by the following considerations: as to the issue of adultery, it is settled that while an admission of adultery, standing alone, will not warrant the granting of a decree of divorce (*Monypeny* v. *Monypeny, supra; Buchanan* v. *Buchanan,* 229 App. Div. 631; *Rivett* v. *Rivett,* 270 App. Div. 878; *Feraco* v. *Feraco,* 69 N. Y. S. 2d 652; *Lake* v. *Lake,* 60 N. Y. S. 2d 105; *Grobin* v. *Grobin,* 184 Misc. 996), such admission or confession, when buttressed by corroborative evidence, is sufficient to support a decree (*Monypeny* v. *Monypeny, supra; Lake* v. *Lake, supra;* see *Rosenzweig* v. *Rosenzweig,* 231 App. Div. 13, 16).

In this connection, the blood grouping test performed in the instant case pursuant to order of the court, the report of which was admissible in evidence (see Civ. Prac. Act, § 306-a), definitely showed, as did the test performed by Dr. Wiener, that plaintiff is not the father of B. The court is satisfied that the test was properly performed. Under the circumstances, the results of the test constitute sufficient corroborative evidence to support a decree (" *C.*" v. " *C.*", 200 Misc. 631; *Dellaria* v. *Dellaria,* 183 Misc. 832; *Schulze* v. *Schulze,* 35 N. Y. S. 2d 218; see *V.* v. *V.,* 179 Misc. 970) and such results are deemed to be virtually conclusive upon the question of illegitimacy where, as in the instant case, definite exclusion is established (*Anonymous* v. *Anonymous,* 1 A D 2d 312, 316; *Foglio* v. *Foglio,* 13 Misc 2d 767; *A. C.* v. *B. C.,* 12 Misc 2d 1; " *C.*" v. " *C.*", *supra; V.* v. *V., supra*).

Plaintiff's attorney has consented, subject to the court's approval, that the fee of Louis J. Merrell, Esq., as special guardian for the child B, be fixed in the amount of $300. The court is satisfied that said amount represents a reasonable fee for the services which have been rendered so competently and diligently by the special guardian, and accordingly, fixes his fee at $300.