Leonard J. Supple, J.
Plaintiff husband seeks an absolute divorce from his wife, custody of the children of the marriage, and exclusive occupancy of the marital home now owned by the parties as tenants by the entirety.
The complaint alleges the wife’s adultery with one ££ B ” on numerous occasions from 1961 through December 4, 1964 and other acts of adultery with three other men during 1963. The. answer denies the alleged adulteries with the other three men but admits all but one of the specific allegations as to “ B ”, including the occasion of December 4, 1964. She denies the generalized allegations relative ito ££ B ” and also denies the occasion of December 3,1964. She further pleads the affirmative defense of condonation.
The court finds that the wife committed adultery with “ B ” on December 4,1964. On the issue of condonation, the wife had the burden of proof (McCarthy v. McCarthy, 143 N. Y. 235) and as to that act of adultery she has not sustained it (“J.” v. “J.”, 35 Misc 2d 243). A much more difficult question of con-donation is presented as to the earlier acts of adultery admitted by the answer, but such need not be decided in view of the aforesaid findings. The husband is entitled to an interlocutory decree of divorce to become absolute, as of course, three months after the entry thereof unless the court shall, in the meantime, otherwise order. In so finding, the court has not considered any of the evidence which was received at the trial subject to a motion to strike and finds ample evidence to support the said findings from the evidence which was unconditionally received.
The issue of the children’s custody was sharply contested upon the trial. The husband testified at length about matters clearly beyond the strict letter of CPLR 4502, subd. (a) and such was attacked by defendant by a motion to strike upon the authority of both CPLR 4502, subds. (a) and (b). The plaintiff contended that such evidence was offered solely on the issue of custody and as such was admissible notwithstanding the cited statute. Subdivision (b) of the cited statute is the rule generally applicable to all actions, rendering privileged the confidential communications of one spouse to another, whereas subdivision (a) thereof states that £ £ A husband or wife is not competent to testify against the other in an action founded upon adultery, except to prove *807 the marriage, disprove the adultery, or disprove a defense after evidence has been introduced tending to prove such defense Except as to certain medical testimony discussed below, the defendant does not seriously argue the applicability of the confidential communications privilege. Defendant’s argument is that this is an action of the kind described in subdivision (a) of the statute and, therefore, no evidence other than that permitted by subdivision (a) is admissible on any issue involved in the action.
CPLR 4502, subd. (a) is a statutory expression of the public policy of this State for many years which condemns any co-operation by spouses in obtaining judicial recognition of a fact which is oftentimes clearly apparent to the spouses themselves, to trained family counselors after investigation, to the clergy who have been consulted by the estranged spouses, and by the family and friends of an embattled couple — namely, that the marriage between them is an empty shell, a mere legal technicality wholly devoid of any further social usefulness. The continuance as the law of New York of strict adversary divorce laws which contemplate the sole guilt of one spouse for the tragedy of a broken marriage and the complete freedom of the other from any blame, and which necessarily seeks to brand the wrongdoer as a criminal (Penal Law, art. 8) has driven thousands of New York citizens to the “ quickie ” divorce mills where they obtain the relief they seek. Notwithstanding this complete avoidance of the public policy of this State by such legal legerdemain, the mere numbers of our people who have felt justified in indulging in it has persuaded our highest court to give full recognition to such decrees (Rosenstiel v. Rosenstiel, 16 N Y 2d 64). Further thousands by Procrustean or other means accommodate themselves to New York laws to obtain either a divorce or an annulment. The need for change has been voiced in many places, including the halls of our State Legislature. Enough has been said to justify giving the statute a strict construction where, as here, the important issue of child custody is involved.
It is to be noted the statutory prohibition applies in an action for divorce, whereas the testimony under attack was directed to the issue of custody. The custody of children, while determined in the action (Domestic Relations Law, § 240), is not a part of it. Since 1941 custody may be dealt with even though the court denies the relief sought in the marital action (Domestic Relations Law, § 240). The award of custody is not, therefore, incidental relief in the marital action, but the custody issue is an adjunct proceeding tried with and decided at the same time as the marital action.
*808 Custody of children is regarded as a matter so important the ordinary rules of law do not apply. “It transcends the rule of comity” (Matter of Bachman v. Mejias, 1 N Y 2d 575, 581), and the full faith and credit clause does not apply to custody decrees (id., p. 580). The testimony under attack here would have been admissible in separate custody proceedings. When testimony is inadmissible for one purpose, it may yet be admissible for another (1 Wigmore, Evidence [3d ed.], § 13, p. 299). The motion to strike will be denied.
Upon the trial there were received in evidence as Exhibits 1 and 2 photocopies of claim forms filed with an insurance carrier for benefits paid to plaintiff as partial reimbursement for fees paid Dr. Sommer for treating the defendant. Such forms contained the doctor’s diagnosis of defendant’s then emotional state of mind. The doctor also testified at the trial as to the defendant’s mental condition at the time he treated her. Such exhibits and testimony were received subject to a pending motion to strike as privileged under CPLR 4504.
The claim forms were given to the doctor by the defendant, and, after the doctor had filled them out, including his diagnosis, they were delivered by the doctor to the plaintiff who filed them with the insurance carrier. The testimony established that the defendant knew when she delivered the forms to the doctor that this would be the procedure. Under the revised language of the statute, which no longer requires that a waiver be made upon a trial or examination of the patient, the court finds the privilege was waived. The waiver opened the door to both the exhibits and the doctor’s testimony, and the motion to strike will be denied.
Upon the issue of custody, the statute gives no prima facie right to either parent (Domestic Relations Law, § 240), and the court must exercise its discretion in the best interests of the two boys who are now 7% and 6 years old respectively. The record shows two parents, each of whom loved and cared for their children. In the wife’s case, however, there was an overriding refusal to “forsake all others” and place the welfare of her family above her apparently compulsive need for the attentions of a man not her husband. While an isolated instance of infidelity can be overlooked (Kruczek v. Kruczek, 29 N. Y. S. 2d 385), that is not the case here. The wife has admitted to an affair of over three years’ duration, including on one occasion entertaining her paramour in her own marital home while her children were present. When her affair conflicted with the needs of her children, the former prevailed. Such an example is a potent force in the formulation of a child’s own standards of *809 proper conduct. Permanent custody of the children will be awarded to the husband. The wife shall be awarded visitation rights as counsel may stipulate, and in default of such stipulation, once each week on Saturday or Sunday during daylight hours, upon not less than three days’ advance notice to the husband.
Notwithstanding the unsuccessful termination of the wife’s case, she is entitled to counsel fees. The court will award $1,000 to her as counsel fees in addition to the temporary award already made.
The court will award the right to occupy the marital home to the husband.
This memorandum will stand as the decision of the court, unless plaintiff desires to submit formal findings of fact and conclusions of law on notice to the defendant. The exhibits will be forwarded to the Clerk of Special Term, Part II, where counsel may obtain them.