JOHN E. SHEIL, Appellant, v. PATRICIA D. SHEIL, Respondent.— In an action for separation in which a judgment was entered on June 2, 1967, granting plaintiff husband a separation, exclusive possession of the marital home, and custody of the parties' two daughters, then of the respective ages of about 9 and 7 years, with liberal visitation rights to defendant (see *Sheil* v. *Sheil*, 29 A D 2d 950), plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County, dated July 17, 1968 and made after a hearing, as denied his motion to modify the judgment of separation by providing that, when defendant exercises her rights of visitation, she shall do so outside the presence of the corespondent in the separation action. Order reversed, insofar as appealed from, on the law and the facts, without costs, and motion granted, without costs. In our opinion, the denial of the motion was an improvident exercise of discretion (*Leopold* v. *Leopold*, 25 A D 2d 754; cf. *Johnson* v. *Johnson*, 47 Misc 2d 805, affd. 25 A D 2d 672; *Matter of Hahn* v. *Falce*, 56 Misc 2d 427; *Seldin* v. *Seldin*, 55 Misc 2d 187). Our determination does not preclude defendant from moving for a change in custody or rights of visitation after plaintiff and defendant are divorced and defendant and her paramour are married, or upon any other material change in surroundings. Brennan, Acting P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.

## (February 13, 1969)

In the Matter of COMMISSIONER OF WELFARE OF THE CITY OF NEW YORK, Respondent, v. LEO FIEL, Appellant.— Two orders of the Family Court, made in New York County on February 19, 1968 and April 4, 1968, respectively, and entered in Kings County, affirmed, without costs. No opinion. Brennan, Acting P. J., Benjamin and Martuscello, JJ., concur; Rabin and Munder, JJ., dissent and vote to reverse the orders and dismiss the proceeding on the ground that the testimony was not clear, convincing, or entirely satisfactory, within the standard required in this type of case.