JANE J. LOOMIS, Appellant, v. EDWIN D. LOOMIS, Respondent.

Argued January 5, 1942; decided June 4, 1942.

*Stanley Faulkner* for appellant. The Domestic Relations Court is a court of limited jurisdiction possessing specific statutory powers. (*Linado* v. *Linado,* 172 Misc. Rep. 782; *Kastner* v. *Kastner,* 169 Misc. Rep. 259; *Zambrotto* v. *Jannette,* 160 Misc. Rep. 558; *Jacobs* v. *Jacobs,* 163 Misc. Rep. 98; *Matter of Melis* v. *Department of Health,* 260 App. Div. 772.) To invoke the doctrine of *res judicata* it must be first determined that the identical issue was passed upon by a court of competent jurisdiction. (*Bannon* v. *Bannon,* 270 N. Y. 484; *Barrett* v. *Miner,* 119 Misc. Rep. 230; *Klee* v. *Klee,* 171 N. Y. Supp. 632.)

*David Schlang* for respondent. The Domestic Relations Court has the power, as a prerequisite to jurisdiction in support proceedings, to pass upon the marital status of the parties. (*Matter of Stilwell,* 139 N. Y. 337; *People ex rel. Ryan* v. *Green,* 58 N. Y. 295; *People ex rel. Burby* v. *Howland,* 155 N. Y. 270; *City of New York* v. *Kaiser,* 125 Misc. Rep. 637; *Matter of Hertzberg* v. *Hertzberg,* 247 App. Div. 351; 251 App. Div. 273; *City of New York* v. *Cohen,* 143 Misc. Rep. 27; 259 N. Y. 645; *Erkenbrach* v. *Erkenbrach,* 96 N. Y. 456; *Ackerman* v. *Ackerman,* 200 N. Y. 72; *Johnson* v. *Johnson,* 206 N. Y. 561; *Ramsden* v. *Ramsden,* 91 N. Y. 281.) Findings of the Domestic Relations Court on the marital status of the parties are *res judicata.* (*Kerr* v. *Kerr,* 41 N. Y. 272; *Matter of Curry* v. *Curry,* 275 N. Y. 553; *Abrams* v. *Great American Ins. Co.,* 269 N. Y. 90; *People* v. *Wainright,* 237 N. Y. 407; *People* v. *Fleming,* 2 N. Y. 484; *Betz* v. *Horr,* 276 N. Y. 83; *Matter of Buoneto* v. *Buoneto,* 278 N. Y. 284; *People ex rel. Glendening* v. *Glendening,* 259 App. Div. 384; 284 N. Y. 598; *Greenzang* v. *Greenzang,* 169 Misc. Rep. 516; *Everett* v. *Everett,* 180 N. Y. 452; *Sears, Roebuck & Co.* v. *9 Ave-31 St. Corp.,* 274 N. Y. 388; *Reich* v. *Cochran,* 151 N. Y. 122; *Matter of Merritt* v. *Merritt,* 259 App. Div. 242; 285 N. Y. 561; 285 N. Y. 743; *People ex rel. Davis* v. *Sturtevant,* 9 N. Y. 263; *People ex rel. Kuhn* v. *P. E. House of Mercy,* 133 N. Y. 207.)

CONWAY, J. This is an appeal from an order of the Appellate Division, second department, affirming an order of Special Term dismissing an amended complaint before answer upon motion made under rule 107 of the Rules of Civil Practice. The amended com-

plaint seeks a declaratory judgment that plaintiff and defendant are husband and wife and that a foreign decree of divorce obtained by defendant is null and void.

Plaintiff and defendant were married in 1909 in the city and State of New York and continued to reside in this State until 1929 when they separated and they have continued to live apart since that time. In 1934 plaintiff applied to the Family Court of the Domestic Relations Court of the City of New York for an order awarding her support by her husband, the defendant here. An award was made and later increased. Thereafter in 1939 the latter order was vacated, after hearings held, upon the ground that the decree of divorce obtained by the defendant in the foreign jurisdiction was a valid one. It is the order entered on that finding which has been held to be an existing final " decree of a court of competent jurisdiction rendered on the merits, determining the same cause of action between the parties." (Rules Civ. Prac., rule 107, subd. 5.)

In so far as applicable here, the Domestic Relations Court was established and such jurisdiction was conferred upon it by the Legislature as was necessary to enable it to compel the support of a wife by a husband who had abandoned or neglected to support her. (N. Y. State Const. [1925] art. 6, § 18; Domestic Relations Court Act, § 91 [L. 1933, ch. 482, as amd.].)

In the exercise of its limited jurisdiction the court is authorized to hear and determine the cause and, of course, may determine whether the parties are husband and wife. Such determination is incidental to the exercise of any jurisdiction. For that limited purpose there is jurisdiction of the subject matter of the marriage.

A determination by the Family Court that there is an existing marriage, or that one has been terminated, as a preliminary to exercising or declining jurisdiction, is, within its limited summary jurisdiction, binding in that court upon the parties and final until a different determination be there made. (Dom. Rel. Court Act, § 92, subds. 4 and 16.) It is not binding on the parties in an action in the Supreme Court in which there is directly involved the question whether the same marriage exists or has been terminated. There is no identity of jurisdiction — one is preliminary or incidental, the other direct and primary. There is no identity of cause

of action — one is for support and that only, the other for an adjudication of marital status.

The orders should be reversed, with costs in all courts, and the motion to dismiss the complaint denied.

LOUGHRAN, J. (concurring). Plaintiff sues as the wife of the defendant for a declaration of the invalidity of a divorce from her which he secured in a foreign jurisdiction. Heretofore she initiated a proceeding in the Family Court of the City of New York to compel her support by him as her husband. After trial thereof, that proceeding was dismissed on a finding that his foreign divorce is valid in this state. I agree that this former adjudication is not an estoppel in the present action.

The earlier proceeding in the Family Court was in its substantive nature a summary prosecution for a public tort of the defendant (Dom. Rel. Court Act, title III, arts. 3, 4; Code Crim. Proc., part VI, titles VII, VIII. See *Duffy* v. *People*, 6 Hill, 75; *People* v. *Schenkel*, 258 N. Y. 224. Cf. *Matter of Kane* v. *Necci*, 269 N. Y. 13.) The present action is an ordinary civil prosecution brought by this plaintiff individually for the vindication of her status as wife of the defendant. (See Civ. Prac. Act, §§ 4, 6.)

Though the petition in a proceeding in the Family Court may be made in the name of the person asking support and the city of New York is not in every case an indispensable party thereto, yet the Corporation Counsel may always represent the petitioner and " shall act as counsel to the court and shall take charge of all legal proceedings on behalf of the court where the court's action is under review." (Dom. Rel. Court Act, §§ 59, 112, 138; L. 1933, ch. 482, as amd. L. 1934, ch. 362.) In no fair sense, then, was the summary proceeding in the Family Court a controversy between the parties to the present action.

Nor are the two prosecutions at all equal in respect either of procedure or of the character of evidence necessary to a decision. The present action is to be tried and determined under the Civil Practice Act. (See § 473 thereof and Rules Civ. Prac., rules 210 and 213.) Hearings in the Family Court are conducted in accordance with such rules as may be adopted by the Board of Justices of the Domestic Relations Court. " Before making the order the court shall have presented to it by the investigation section the

facts discovered in its investigation of the family and may receive from other sources any information that may assist the court in its determination." (Dom. Rel. Court Act, §§ 128, 129.)

I think this lack of essential identities dictates that the present issue of *res judicata* should be ruled against the defendant on the analogy of the principle that a judgment in a criminal case is generally no bar to a subsequent civil action based on the same facts. (2 Freeman on The Law of Judgments [5th ed.], § 914. See *Green v. Altenkirch*, 176 App. Div. 320, and the cases there cited. Cf. *Maybee v. Avery*, 18 Johns. 352.)

LEHMAN, Ch. J., FINCH, RIPPEY, LEWIS and DESMOND, JJ., concur with CONWAY, J.; LOUGHRAN, J., concurs in result in separate opinion.

Orders reversed, etc.