Sicher, J.
An integral feature of Juvenile and Domestic Relations Courts generally is privacy of records to safeguard the parties against newspaper publicity and idle curiosity concerning proceedings therein.
Thus, the 1943 Revised Draft of a Standard Juvenile Court Act recommended by the National Probation Association provides (in § 29) that “ Such records shall be open to inspection only by order of the court to persons having a legitimate interest therein ”, and continuously since its original enactment on October 1, 1933, the Domestic Relations Court Act of the City of *1041 New York has contained the following provision (as amd. by L. 1942, ch. 761): “ § 52. Privacy of records. The records of any case, in either the children’s court or the family court shall not be open to indiscriminate public inspection. The petition, process, formal motions and other papers appropriate to a judgment roll on a case on appeal however shall be open to inspection by the parent, guardian, next friend or attorney of the child in a proceeding in the children’s court and to the petitioner and respondent or their respective attorneys in a proceeding in the family court. However, the court in its discretion in any case may permit the inspection of any papers or records.”
Correlatively, Family Court Bule XXXV, adopted pursuant to section 12 of the Domestic Relations Court Act (see Loomis v. Loomis, 288 N. Y. 222, 225-226) provides:

“ Privacy of Records; Inspection of Court Papers.

“ (a) Case histories and reports relative thereto shall be filed in a single, unified file, separate and apart from the petition and accompanying papers.
“(b) Any party to a proceeding or the attorney of record therein, has the right to inspect and copy at the clerk’s office the petition and endorsements, findings and dispositions thereon recorded, any process, formal motion and other papers appropriate to a judgment roll.
“ (c) Inspection or copying of any other paper or record by a party or attorney of record, or of any paper or record whatsoever by any other person, may be done only by express permission of the Court or pursuant to order of the Presiding Justice.
“ (d) The official stenographer may furnish a transcript of the minutes of any hearing to a party to a proceeding or the attorney of record therein upon payment of fees but not until after submission of such transcript to the trial Justice.
“ No transcript of minutes shall be furnished to any other person, official or corporation, except by order of the trial Justice or Presiding Justice.” (Italics supplied. Bender’s Court Rules [1st ed.], pp. 373-374.)
Likewise, Family Court Rule XXVI provides (insofar as pertinent):
“ Exhibits, Papers, Etc.; Addresses: Certifications.
“ (a) All exhibits used at a hearing shall be appropriately marked and, in the discretion of the Court, may also be read into the record or a suitable and comprehensive description be incorporated * * *
*1042 “(d) The clerk may furnish to any party or attorney of record a certified copy of any order made or of the petition, any process, formal motions, and any other papers appropriate to a judgment-roll on a case on appeal, and any other paper expressly permitted by the Court.
“No certification or other copy of any order or other paper or record shall he furnished to any other person except hy order of the Court. However, the clerk or probation officer-in-charge may inform any federal, state or municipal official or department or recognized social agency the amount of any order which will have been made and the status of any proceeding, such as its having been 1 Reserved Generally ’ or abated.” (Italics supplied. Bender’s Court Rules [1st ed.], p. 372.)
From the foregoing it appears that not all of the records of the Family Court Division of this court are ordinarily open even to the parties but that the Trial Justice or the Presiding Justice has each the discretionary power to order fuller disclosure to them and also, in a proper ease, specified disclosure'to other persons, agencies or officials.
The particular circumstances of the instant application seem to me clearly to present such proper case.
On September 23, 1947, after a trial of contested issues, Mr. Justice Delany adjudicated the petitioner-wife entitled to support according to respondent-husband’s means (under N. Y. City Dom. Rel. Ct. Act, § 92, subd. [1]) and ordered him to pay her the sum of $15 weekly.
On November 18,1947,1 conducted a hearing of the respondent-husband’s application for decrease, and petitioner-wife’s cross application for increase, of such September 23, 1947, support order.
During the course of that hearing the respondent-husband’s attorney offered in evidence, and it was received without objection, an exhibit consisting of a September 16, 1947, letter from Federal Security Agency (Bureau of Old-Age and Survivors Insurance) which stated the amount of the wages of the petitioner-wife credited to her Old-Age and Survivors Insurance Account for the years 1945 and 1946 and also of an itemization of the same figures on an annexed Federal Security Agency, Social Security Administration, Form OARr-7014, 2-47, “ Statement of Wages Recorded in Your Old-Age and Survivors Insurance Account ”. That letter, together with such annexed itemized form, was addressed to petitioner-wife at an address which, she testified, had never been hers but which was then the respondent-husband’s.
*1043 A duly authorized official of the Federal Security Agency (Social Security Board) has made written request for a certified copy of the afore-mentioned letter part of said exhibit and for an excerpt of the minutes of the hearing “ having to do with the introduction of the statement of Mrs. ‘ Fontana’s ’ wages in evidence and any evidence that would establish the address of the husband ”. For, the Federal Security Agency (Social Security Board) asserts that such report, so put in evidence by respondent, was procured to be mailed to him at his residence in response to a pretended request by the petitioner-wife herself but actually by him in her name and without her knowledge or consent and in violation of subdivision (b) of section 1107 of the Social Security Act of August 14, 1935, as amended through July 1, 1948 (IT. S. Code, tit. 42, § 1307), reading (insofar as pertinent): 11 (b) Whoever, with the intent to elicit information as to the * * * wages * * * of any individual (1) falsely represents to the Administrator that he is such individual * * * shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be punished by a fine not exceeding $1,000, or by imprisonment not exceeding one year, or both.”
The purpose of the above-quoted privacy of records provision of the proposed Standard Juvenile Court Act is stated in an explanatory note as “ to prevent the humiliation and demoralizing effects which follow upon publicity of children’s cases, making it more difficult for the court to utilize the child’s feeling of self-respect in effecting rehabilitation.” Similarly, the purpose of the above-quoted section 52 of Domestic Delations Court Act of the City of New York for privacy of records of the Family Court Division of this court is to encourage recourse to its facilities by protection from the embarrassment of exposure of intimate family problems to tabloids and neighborhood gossip. But obviously, those basic objectives do not include immunity against a requested disclosure, to an authorized public official, of evidence of a criminal act allegedly committed in the course of a Family Court controversy. A somewhat comparable distinction is found in American Bar Association Professional Ethics Canon 37: “ It is the duty of a lawyer to preserve his client’s confidence. This duty outlasts the lawyer’s employment * * *. The announced intention of a client to commit a crime is not included within the confidences which he is bound to respect. He may properly make such disclosures as may be necessary to prevent the act or protect those against whom it is threatened. ’ ’
For, the foregoing reasons, I have authorized the official stenographer to prepare and submit to me a transcript of the *1044 minutes of the November 18, 1947, hearing and have caused to be prepared, and executed by the clerk of the court, a certificate of the requested portion of said respondent’s exhibit; and such transcript and certificate will be transmitted to the Federal Security Agency applicant together with a copy of this memorandum.
When and if the original exhibit be required upon any hearing of a proceeding instituted by any Federal agency or official in respect of the aforesaid alleged violation, subpoena duces tecum therefor may be served upon the clerk of the court.
The original of this memorandum will be attached to the support petition; a carbon copy and a transcript of those minutes will also be placed in the probation bureau case file.