" MARIE PRIMAVERA ", Petitioner, *v.* " ROBERTO PRIMAVERA ", Respondent.*

Domestic Relations Court of the City of New York, Family Court, New York County, June 13, 1949.

*John P. McGrath, Corporation Counsel* (*Mathilda Miller* of counsel), for petitioner.

*William A. Kelly* and *Charles J. Saccoman* for respondent appearing specially.

---

* The opinion as filed sets forth the true names of all parties but as here published substitutes fictitious names and disguises certain other details in consonance with the spirit of section 52 of the Domestic Relations Court Act of the City of New York (L. 1933, ch. 482).

SICHER, J. The marital controversy between these parties has been the subject of much litigation, both in this court since May, 1945, and in the Supreme Court, Ulster County, since December, 1947.

On December 4, 1947, respondent commenced in the Supreme Court, Ulster County, an action for separation, still awaiting trial and the subject of numerous steps in that court, including (a) a March 4, 1948, default judgment of separation in favor of the husband, which granted him the custody of the five children who were named as dependents in the wife's petition filed in this court on May 14, 1945; (b) a May 7, 1948, order granting the wife leave to open her default and vacating said March 4, 1948, judgment on condition that the husband retain custody of those five children pending the final judgment; (c) a September 3, 1948, order granting the wife a counsel fee of $150 but denying her alimony *pendente lite* " unless the action is not tried at the conclusion of the October (1948) Trial Term for any reason attributable to plaintiff; and, if it has not been tried at that time for that reason, the defendant will then be allowed the sum of $8 per week alimony to be paid by the plaintiff, during the further pendency of the action, for the support of said child ", i.e., the child, " Marie ", born November 2, 1948, for whom petitioner now asks a support order of this court; (d) a further direction from the Supreme Court, Ulster County, that an order for such $8 a week *pendente lite* maintenance for such child would be signed on the filing of an affidavit showing the existence of the conditions enumerated and upon three days' notice to the plaintiff's attorneys; (e) a further order granting the plaintiff husband leave to file a supplemental complaint for divorce alleging adultery committed by the wife during December, 1947, and January, 1948, predicated on the pregnancy which eventuated in her bearing said child " Marie "; (f) an order denying the wife's motion for change of venue of the husband's separation divorce action from Ulster County to New York County on the ground that the " controversy arose in great part in Ulster, and I would consider the convenience of relatives of the defendant of subordinate importance, if indeed there is any substantial question of convenience involved. The records of the Court in New York can be subpoenaed ". (Quoted from Justice BERGAN's opinion, Sup. Ct., Ulster Co., Sept. 3, 1948.)

When the petition was originally filed in this court on May 4, 1945, the wife and child " Roberto, Jr." were living with petitioner's mother in New York City and the other four children

were in upstate foster homes. These four children having been meanwhile turned over by the department of welfare to the father, the order entered in this court on July 24, 1945, was in the sum of $12 a week for support of the petitioner wife and the child "Roberto, Jr."

Thereafter ensued various further hearings in this court, in the course of which that order was on March 12, 1946, suspended but on December 3, 1946, reinstated in the modified sum of $7 a week for the support of the child "Roberto, Jr." only; by a consent order on July 7, 1948, the then arrears were fixed at $342 and directions made for their liquidation; and thereafter, on December 4, 1948, there was entered, also on consent, the current order of this court, namely, an order for $5 a week for the petitioner wife herself on a public charge basis, respondent having meanwhile taken "Roberto, Jr." into his home along with the other four children pursuant to the judgment and order of the Supreme Court, Ulster County.

Respondent has substantially complied with that $5 per week order, except that a June 8, 1949, statement of the support bureau indicates that there were then book arrears of $25.

However, on February 18, 1949, petitioner reported that on November 2, 1948, she had given birth to a sixth child ("Marie"), allegedly as the result of intercourse with respondent, and she asked that this court make an order for that child's support.

On May 5, 1949, there was scheduled before me a hearing of that application and also on the question of the amount of, and reason for, arrears under the aforementioned December 4, 1948, consent order for petitioner wife.

Thereupon I indorsed on the petition, under date of May 4, 1949: "Petitioner only. Assistant Corporation Counsel Miller for petitioner. Attorney files notice of special appearance for respondent. Petitioner's application for support of child "Marie", born November 2, 1948. Adjourned to 5/24/49, on condition that current arrears of $20 on the 12/4/48 order for petitioner be cleared by May 6, 1949, and that unless the action in Ulster County is to be tried before summer recess, respondent's attorney file by May 24, 1949 copies of the pleadings in that action and affidavit as to its status and the facts and the law in support of his special appearance contention that this Court has no present jurisdiction; also, let the affidavit include facts as to any *pendente lite* alimony orders and the custody of the children."

On May 24, 1949, Assistant Corporation Counsel Miller for petitioner and a Kingston, New York, attorney who represents respondent in the Ulster County Supreme Court action and again appearing specially in this Family Court proceeding, attended before me and the latter presented numerous papers and a brief.

Decision was reserved pending opportunity to study those papers and brief.

That attorney in respondent's behalf contests this court's jurisdiction to entertain the application for modification of its November 4, 1948, order. He asserts that because the child " Marie ", having been born on November 2, 1948, was, of course, not named in the original petition filed May 14, 1945, and because respondent is not now residing or domiciled in New York City there is lacking the residential jurisdiction requirements for an order of this court for her support. Those contentions are unsound.

In the first place, petitioner's application for modification is made in a continuing proceeding in which the court has already jurisdiction both of the subject matter and of the respondent's person; assuming *arguendo* that if a proceeding were now for the first time initiated for support of " Marie " there would be lacking the residential jurisdiction requirements of section 103 of the New York City Domestic Relations Court Act, it is a well-settled principle that jurisdiction once acquired is not defeated by subsequent events, even though they are of such character as would have prevented jurisdiction from attaching in the first instance. (15 C. J., Courts, § 135; 21 C. J. S., Courts, § 93, and cases cited.)

Moreover, since this is not a court of record, the provisions of the Civil Practice Act covering amendments of pleadings are wholly inapplicable (see " *Denton* " v. " *Denton* ", 179 Misc. 681). Instead, the practice in this court is governed by the Domestic Relations Court Act and the Rules of Practice and Procedure adopted by the board of justices pursuant to sections 12 and 129 of the Domestic Relations Court Act of the City of New York.

Family Court Rule XIII (Bender's Court Rules [1st ed.], p. 368) provides:

" No written answer to the petition or other formal pleading is required.

" All the allegations of the petition shall be deemed to be denied, and the Court shall receive all competent evidence offered

in proof or disproof of such allegations and any affirmative defense thereto.''

And subdivision (c) of that rule further provides: '' Hearings shall be conducted without unnecessary formality \* \* \* ''

Only occasionally do attorneys appear; there is no fee of any kind charged for the court's services; and it has long been the established practice to amend petitions from time to time by merely adding the name and date of birth of a child born after the date of the original filing without the formality of a new petition or other supplemental pleading, subject, of course, to respondent's right to deny, and have determined, the paternity of the added child.

Respondent's objection to the continued jurisdiction of this court is therefore hereby overruled.

However, it is also well established that possession of jurisdiction does not, *ipso facto,* require its use (see '' *Almandares* '' v. '' *Almandares* '', 186 Misc. 667; '' *Buenos* '' v. '' *Buenos* '', 189 Misc. 262; and '' *Moses* '' v. '' *Moses* '', 193 Misc. 890).

Accordingly, in the exercise of such discretion I have concluded that this court should not at this time be burdened with virtually an examination before trial of the actively contested Supreme Court separation divorce action; for, (1) an adjudication of the issue of paternity for the purposes of a support order of this court would not be binding on the Supreme Court (see *Matter of Melis* v. *Department of Health,* 260 App. Div. 772, and *Loomis* v. *Loomis,* 288 N. Y. 222); (2) petitioner has ample remedy for support of the child '' Marie '' during the pendency of the Ulster County Supreme Court action under the terms of an order already entered therein; and (3) for such purpose petitioner has in effect elected that forum (see '' *Varney* '' v. '' *Varney* '', 178 Misc. 165).

I therefore hereby direct that further hearings in this court be adjourned *sine die,* on condition that respondent meanwhile pay all current arrears no later than June 30, 1949, and do not further default in the performance of the November 4, 1948, order for support of petitioner; matter to be restored to the calendar of this court after entry of the judgment in the Supreme Court action or any other relevant interim development therein or in the event of respondent's failure to obey the above direction concerning the November 4, 1948, order.

However, it seems advisable, in the interest of bringing to an end the protracted litigation between the parties, that the attor-

neys representing them in the Supreme Court action promptly take appropriate steps to raise properly for determination upon the trial of the separation divorce action, the disputed issue of the paternity and legitimacy of '' Marie '' (see *Berntsen* v. *Berntsen,* 87 N. Y. S. 2d 855; *Newman* v. *Newman,* N. Y. L. J., June 2, 1949, p. 1969, col. 4; Civ. Prac. Act, § 1157; Rules Civ. Prac., rule 279; *Dellaria* v. *Dellaria,* 183 Misc. 832; *Admire* v. *Admire,* 180 Misc. 68; *Dwello* v. *Dwello,* 69 N. Y. S. 2d 691; *Punzi* v. *Punzi,* 191 Misc. 36; and *Stillman* v. *Stillman,* 240 N. Y. 268).

It would seem that the present supplemental complaint does not squarely and distinctly raise the issue of '' Marie's '' legitimacy; allegations merely of adultery in December, 1947, and January, 1948, are short of complying with the requirements, of section 1157 of the Civil Practice Act and of rule 239 of the Rules of Civil Practice and the above-cited decisions, for a trial of the issue that '' Marie '', born November 2, 1948, is not respondent's child and a prayer for an express adjudication to that effect in the final judgment.

Notice shall be given to the parties pursuant to the subjoined direction.