■ ANNA WILKOV, Respondent, v. HERBERT WILKOV, Appellant.— Final order entered on April 1, 1960, insofar as appealed from, unanimously reversed on the law and a new trial ordered, without costs, and with leave to the petitioner to apply in the Domestic Relations Court for a new or continuing temporary order for her support pending the outcome of the new trial. There is no doubt that the Domestic Relations Court, as an incident to the exercise of its jurisdiction on petitions charging nonsupport, may determine whether the parties are husband and wife (*Sierra* v. *Sierra*, 8 A D 2d 708; *Loomis* v. *Loomis*, 288 N. Y. 222; cf. Restatement, Judgments, § 71, especially Comments a and e). Nor is there any doubt that a divorce decree rendered in another State purporting to dissolve the wife's prior marriage may, in a proper case, be collaterally attacked on jurisdictional grounds where it is shown that the first husband was not personally served with process and did not enter a personal appearance in the divorce action (*Fischer* v. *Fischer*, 254 N. Y. 463; *Williams* v. *North Carolina*, 325 U. S. 226). Settle order on 10 days' notice. Concur — Breitel, J. P., McNally, Stevens, Eager and Steuer, JJ.

■ ALEXANDER I. PARKSON, Respondent, v. SOL HUROK et al., Appellants. — Order, entered on March 3, 1960, insofar as it denies defendants' motion for an order, pursuant to rule 112 of the Rules of Civil Practice, dismissing the first cause of action in the complaint, unanimously affirmed on the law and on the facts, with $20 costs and disbursements to the respondent. The defendants' arguments in the main could properly be presented and considered on a motion for summary judgment and are not pertinent on this motion, addressed as it is, solely to the sufficiency of the complaint which must be determined on the basis of the allegations thereof read in the light of the bill of particulars. Concur — Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ.