Mabio Pittoni, J.
This is an appeal from an order made in the District Court, County of Nassau, Family Part, on April 26,1961, whereby the appellant was ordered to pay the petitioner in a proceeding there pending the sum of $20 per week.
On February 9,1961 the petitioner-respondent, Mary Shumski, alleging that she is the wife of respondent-appellant, filed a petition with the District Court, charging that she was in need of and entitled to support and that respondent had failed to provide her fair and reasonable support according to his means. A trial of the matter was had in the District Court on April 26, 1961, resulting in the order from which this appeal is taken. Petitioner was the only witness; respondent called no witnesses and offered no evidence.
The proceeding in the District Court and this appeal are governed by the appropriate provisions of chapter 770 of the Laws of 1960 and of the Children’s Court Act of the State of New York to which section 255-y of the Nassau County District Court Act, added by such chapter, refers.
Appellant’s first contention upon this appeal is that the petitioner failed to establish that she is married to him; and that if there was proof of the marriage, it was shown to be void. Petitioner at the trial testified that she was married to the defendant and produced a marriage certificate, which is not before the court on this appeal, having been returned to petitioner; it was not denied, however, that there had been a mar *999 riage ceremony. Appellant sought to show by cross-examination of the petitioner that she had been previously married to one Timmon, who later procured a divorce from her in Florida, by virtue of which she was able to marry the appellant. Appellant argues that it was established by the petitioner’s answers that the Florida divorce was void because neither party lived there. As the District Court Judge observed, no copy of the Florida divorce was before that court. In this court’s opinion, on the record before it, the District Court Judge properly found that appellant was chargeable with petitioner’s support. The marriage ceremony is presumptively valid (Graham v. Graham, 211 App. Div. 580). If it is claimed that the marriage is void because of any irregularity in the Florida divorce, that may be asserted in a plenary action in the Supreme Court (Loomis v. Loomis, 288 N. Y. 222).
The District Court in the exercise of its jurisdiction to compel support may make a determination whether the parties are husband and wife. That determination is incidental to the exercise of jurisdiction to compel support, but it is not binding in a plenary action in the Supreme Court (Loomis v. Loomis, supra). The proof in the instant case warranted the finding that the parties are married and was insufficient to justify any finding that the marriage was void.
Appellant further contends that he should not be compelled in this proceeding to contribute to the support of a wife who has left him and that she was not entitled in any event to $20 per week. It appeared that the wife had left the husband’s home, because, she claimed, of his drinking. There was some proof that the wife was possessed of some small means; the husband, it was claimed, and not denied, is employed by the H. C. Bohaek Company as a butcher making about $115 per week; the wife is herself employed as a hairdresser, making about $43 per week.
The statute under which this proceeding is maintained provides as follows:
Nassau County District Court Act.
‘1 § 255-a. Powers. In the exercise of its jurisdiction the court shall have power:
“ 1. To order support of a wife or minor child irrespective of whether either is likely to become a public charge, as justice requires having due regard to the circumstances of the respective parties.”
Upon all the proof before the District Court, that court seems to have arrived at a fair determination, having due regard to the circumstances of the parties.
*1000 Finally, the appellant claims that errors were committed by the District Court in its various rulings during the trial. The rulings complained of have been examined; much of the evidence now termed incompetent was elicited without objection; and the rulings during the petitioner’s cross-examination were well within the court’s discretion in controlling such cross-examination. The District Court’s order was proper and is affirmed.