Louis B. Heller, J.
In this action for divorce for alleged abandonment, defendant moves to strike part of paragraph Seventh of the complaint on the ground that it contains c ‘ prejudicial matter unnecessarily inserted ”, pursuant to CPLR 3024 (subd. [b]). By this paragraph plaintiff alleges that there is no judgment in favor of defendant and against plaintiff in any court of competent jurisdiction, and that no action has been brought or is now pending for the same relief and concludes with the following: “ other than an action for a Judicial Separation previously commenced by defendant against plaintiff in the Supreme 'Court of the State of New York, County of Kings, on or about the 11th day of February, 1963 which action resulted in a dismissal of the complaint by the Hon. Oliver D. Williams after a trial upon the issues. Subsequent to the previous unsuccessful action brought by the defendant against the plaintiff, the defendant commenced a special proceeding in Family Court of Kings 'County seeking to have the 'Court compel plaintiff to support defendant on a 1 means basis ’ which petition was denied by the Hon. Jacob Lutsky, on or about July 13, 1967 upon an affirmative finding by the Court that the defendant abandoned the plaintiff on May 17, 1963.” Defendant contends that the quoted matter may be prejudicial to her on trial, particularly if such trial be before a jury.
*644 The preliminary allegations in this paragraph of the- complaint regarding a possible judgment for divorce in favor of the ■defendant and against the plaintiff were undoubtedly prompted by the requirements of former section 174 of the Domestic Relations Law. Section 174 was repealed by section 4 of chapter 254 of the Laws of 1966, effective September 1, 1967, and some of the subject matter of this section transferred to section 211. The provision for proof on trial as to existing judgments does not seem to have survived. Apparently then no allegation conforming to former section 174 is necessary, and since an unnecessary allegation which is otherwise harmless raises no issue, it may stand. However, the matter which defendant finds objectionable is not relevant to the technical purposes of such a statement. Neither the judgment dismissing the wife’s complaint in a separation action brought by her nor the order of the Family Court denying the wife’s petition for a “ means ” allowance is a ‘ ‘ judgment * * * in favor of the defendant for a divorce ” as recited in former section 174.
Counsel for plaintiff defends the reference to the Family Court proceeding on the theory that the alleged 11 affirmative finding by the court that the defendant abandoned the plaintiff ’ ’ is of controlling significance in this action for divorce. . This court is not concluded by the determination. The doctrines of res judicata and equitable estoppel do not apply to a determination where, as here, the court making the determination is one of- limited jurisdiction and the question now at issue was incidentally involved. ‘ ‘ If the jurisdiction of a court is limited so that particular questions may be decided only for a limited purpose, the decision can be given effect only within the same limits.” (9 Carmody-Wait 2d, New York Practice, § 63:199; see, also, Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5011.18.) As enunciated in Loomis v. Loomis (288 N. Y. 222), the law is well settled on the question and has been honored in every subsequent case with a comparable issue which has been brought to my attention. ‘1 In the exercise of its limited jurisdiction the court is authorized to hear and determine the cause and, of course, may determine whether the parties are husband and wife. Such determination is incidental to the exercise of any jurisdiction. * * * It is not binding on the parties in an action in the Supreme Court in which there is directly involved the question whether the same marriage exists or has been terminated.” (Loomis v. Loomis, supra, p. 224; see, also, Solomon v. Solomon, 120 N. Y. S. 2d 587; Jokai v. Jokai, 121 N. Y. S. 2d 517, 521; Caldwell v. Caldwell, 298 N. Y. 146, 148; Matter of Jones v. *645 Jones, 51 Misc 2d 610, 614; Matter of Case v. Case, 54 Misc 2d 20; Hickman v. Hickman, 49 Del. 568.)
The rule is not, as plaintiff argues, confined solely to the validity of the marriage. This court would for all practical purposes be stripped of discretion and authority under any such interpretation and would be required to rubber stamp the findings of the Family Court on an issue which is the very core of the action. In at least one case brought to my attention, the issue was not the validity of the marriage but did concern the questions of abandonment and support and the court there stated, “ if the disposition is unsatisfactory to either party it would, of course, not be res judicata in a subsequent plenary matrimonial action in the Supreme Court of the State of New York. See Loomis v. Loomis, 288 N. Y. 222, 42 N. E. 2d 495, 147 A. L. R. 183. ’ ’ (Jokai v. Jokai, supra, p. 521.)
Plaintiff’s counsel urge that the offending matter ought not to be stricken under the rule which prescribes liberality in pleading. I believe, however, that where liberality conflicts with a precise prohibitive as that in CPLR 3024 (subd. [b]) regarding prejudicial matter, liberality must yield. It appears to me that the matter is both prejudicial and unnecessarily inserted within the meaning of CPLR 3024 (subd. [b]) and should be stricken. If a trial court should find that any part of the prior proceedings or actions is relevant as evidence in the course of a trial, it may in the exercise of a sound discretion admit it.
The motion is granted and plaintiff is directed to serve a new complaint omitting the objectionable matter within 10 days from the service of a copy of the order to be entered hereon.