OPINION OF THE COURT
Loren N. Brown, J.
By notice of motion, dated January 14, 1986, and supporting papers, the defendant moves for summary judgment dismissing the complaint which seeks a declaratory judgment; defendant also seeks judgment on her counterclaim. By a second notice of motion, dated January 17, 1986, the plaintiff moves to consolidate this declaratory judgment action with an action for divorce. By a third notice of motion, the defendant seeks an order disqualifying the law firm representing the plaintiff on the grounds that it had previously represented the defendant.
Addressing the first motion listed, the plaintiff in this action is seeking a judgment declaring that the plaintiff and the defendant are not now, nor have they ever been, lawfully married. The defendant has counterclaimed for a declaratory judgment finding that the parties had entered into a common-law marriage within the State of Colorado, and that such marriage must be recognized in the State of New York.
*60 This action has its antecedents in a proceeding brought in Family Court, Saratoga County, by the defendant in the instant action seeking support for herself and the child of the alleged marriage, as well as custody of the child. The plaintiff subsequently also petitioned Family Court for custody of the child. Trial on the issues was commenced before acting Family Court Judge Robert F. Doran on April 18, 1983 and the trial lasted for 23 days. The testimony at trial produced over 3,200 pages of transcript. In all, the parties called 28 witnesses, and 118 exhibits were received by the court. On July 19, 1985, Justice Doran rendered a painstaking and scholarly opinion which found, inter alia, that the parties had entered into a common-law marriage in the State of Colorado, and that the marriage must be recognized by the courts of this jurisdiction.
The defendant in this action seeks summary judgment based upon the collateral estoppel effect of the Family Court decision and order. In opposing the motion, the plaintiff primarily relies upon Loomis v Loomis (288 NY 222) and, at first blush, Loomis appears to be persuasive. In Loomis, a 1942 decision of the Court of Appeals, the complaint sought a judgment in Supreme Court declaring that the parties are husband and wife and that a foreign divorce decree was null and void. In a previous proceeding in the Family Court of the Domestic Relations Court of the City of New York, it was found, after holding hearings, that the foreign divorce decree was valid. On appeal, the Court of Appeals held that the decision of the Family Court did not bar an action in Supreme Court to once again litigate the issue of the validity of the marriage. The Loomis court found that a "determination by the Family Court that there is an existing marriage, or that one has been terminated, as a preliminary to exercising or declining jurisdiction, is, within its limited summary jurisdiction, binding in that court upon the parties and final until a different determination be there made” (288 NY, at p 224), but did not have a binding effect on other courts. However, as Judge Loughran demonstrated in his concurring opinion, the Family Court proceeding of that time significantly differs from proceedings in a contemporary Family Court. According to Judge Loughran: "The earlier proceeding in the Family Court was in its substantive nature a summary prosecution for a public tort of the defendant (Dom. Rel. Court Act, title III, arts. 3, 4; Code Crim. Proc., part VI, titles VII, VIII. See Duffy v. People, 6 Hill, 75; People v. Schenkel, 258 N. Y. 224. Cf. Matter of Kane v. Necci, 269 N. Y. 13.) The present action is *61 an ordinary civil prosecution brought by this plaintiff individually for the vindication of her status as wife of the defendant.” (288 NY, at p 225.)
Time has wrought sufficient changes in Family Court procedure to negate the precedential value of Loomis (supra). In Loomis, the nature of the proceeding in Family Court was, from Judge Loughran’s description, significantly different from an ordinary civil action. However, the procedures employed in Family Court in the instant action were not significantly different than those which would be utilized in a declaratory judgment action. If allowed to proceed to trial, the parties would, in all likelihood, once again call 28 witnesses to fill 3,200 pages of transcript over a 23-day period. Nothing in Loomis requires such unnecessary duplication.
The court finds that the issues presented in this action were previously determined by Justice Doran, and the claim and counterclaim for declaratory judgments are barred by the doctrine of collateral estoppel. (Berry v Berry, 94 AD2d 837.) Sua sponte, the court dismisses the claim and the counterclaim.
Perforce, because the plaintiff’s action for declaratory judgment is no longer viable, the motion to consolidate is denied.
Finally, the motion for disqualification of counsel for plaintiff is denied. The defendant has had ample opportunity to object to the representation of the plaintiff by his attorneys, but has delayed in doing so. Having failed to exercise her rights in a timely fashion, no consideration will be given her late plea.