Isidore Levine, J.
Petitioner wife seeks support for herself and two children, all on a means basis, against the respondent *1033 husband herein claiming that “ since on or about December 1972 [he] has refused and neglected to provide fair and reasonable support for them in accordance with his means and earning capacity ’
After, a protracted hearing and careful evaluation of the credible evidence, both oral and written, as well as an assessment of the parties themselves, whom the court has had the opportunity to see, hear and scrutinize for many months, as well as an evaluation of the witnesses offered on behalf of the respondent, the court finds that the petitioner has utterly failed to sustain her burden of proof by a fair preponderance of the credible evidence.
The court finds that the petitioner has grossly exaggerated the income and net worth of the respondent, which she seeks to substantiate only by her testimony that respondent stated to her on numerous occasions that he is a rich man, but she has failed completely to produce any adequate documentary or other credible proof in support of her contention. Petitioner has attempted to support her allegations by a long list of schedules compiled and contrived by her to endeavor to establish a standard of living in excess of respondent’s reported income, suggesting undeclared cash income, but the court views these schedules with a jaundiced eye, particularly in view of respondent’s testimony which it finds forthright and documented, and which it fully credits despite his misstatement of his age in his ‘ ‘ Declaration of Intention to Become an American Citizen ”, which incorrect date he repeated on his several life insurance policies.
The court is mindful of petitioner’s admissions that she altered dates on blank or incompleted checks already signed by respondent, filled in the word “cash” as payee on one check for $3,000, and deposited various checks that she had tampered with to her own bank account. Petitioner further testified that respondent had given her various sums of money over the years portions of which she had deposited in her own bank account, which totaled $14,685.41 on January 2, 1973.
In addition petitioner had two trust accounts in her name for the benefit of the children, Rose and Denise, in the sums of $3,799.43, and $3,657.90 respectively, which petitioner admitted had all come from her husband over a period of1 years.
Petitioner also admitted having accumulated over $1,600 in cash in her vault over several years.
In evaluating petitioner’s credibility the court cannot overlook her concededly baseless charges that respondent is a homo *1034 sexual, and also her denials of respondent’s well-documented charges of her threats and assaults on him.
Throughout the entire hearing the court has been deeply and genuinely impressed with the truthfulness and sincerity of respondent’s testimony, and finds that his income and net worth are fully reflected by an analysis of his tax returns, both personal and business, all of which are marked in evidence. A recapitulation of these returns for the most recent three years, namely 1970,1971 and 1972, reflecting the loan and exchange account as income attributable to the respondent, since it reflects money available to the respondent, no matter how it may be categorized in accounting parlance by the certified public accountant for respondent’s corporation, develops an income of $26,875, from October 1, 1969, to September 30, 1970, $31,063, from October 1, 1970 to September 30, 1971, and $30,025, from October 1, 1971 to September 30, 1972.
Prior to the institution of these proceedings the respondent paid petitioner $175 per week in addition to paying the mortgage of approximately $200 per month and all of the utilities of the household, as well as private school and college tuition for the two children herein. At the present time and since the separation of the parties on September 6, 1972, the respondent has the additional burden of maintaining himself out of the home, in a hotel room.
Petitioner contends orally and through her personally compiled schedules that respondent gave her large sums of cash for household and personal expenses for herself and the children, and expended considerable cash on vacations for the entire family. Assuming arguendo, although the court does not so find, that respondent received and expended sums of cash for petitioner and the entire family, petitioner would have no cause for complaint for nonsupport, since she herself claims that he spent it all on the family. There was no evidence or proof adduced that respondent secreted any cash for himself.
It is readily apparent, and the court so finds, that the respondent was .supporting petitioner and the two children at least to the fullest extent of his means, if not more, before petitioner instituted the action herein, thereby necessitating the dismissal of the proceedings herein, which the court now orders.
In view of the order of dismissal, the issue raised by respondent with respect to his request that petitioner be denied support on a means basis is now moot and need not be passed upon.
Moreover the parties have advised the court that a proceeding in the Supreme Court will shortly come to trial in which the *1035 respondent herein (the. plaintiff therein) and the petitioner herein (the defendant therein) both seek a divorce against the other on fault grounds. Obviously the determination of the cross issues in the Supreme Court must dispose of the issue of support on a means basis or a public charge basis, since the disposition of the status action carries in its wake necessary legal consequences of support liability, i.e., means or public charge.
It should be noted that the Supreme Court cannot refer the status action to the Family Court, whose decision and order on the issue of means or public charge basis, where required to be made (not as in the case at bar where the issue is moot because of the dismissal on other grounds) in any event is not res judicata and is not legally binding upon the Supreme Court (Loomis v. Loomis, 288 N. Y. 222; Shulsky v. Shulsky, 63 Misc 2d 642 by Mr. Justice Heller of Sup. Ct., Kings County). At best it could only be suggestive but it could not prevent a duplication in the Supreme Court of the many weeks and months of trial in the Family Court. In concluding, this court would note again the folly and hardship attendant upon the fragmentation of the court system, as between the Family Court and the Supreme Court, and again urges consolidation of the Family Court with the Supreme Court as the solution for this ever-recurring problem.