■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE LEBRON, Appellant. [847 NYS2d 461]—Order, Supreme Court, New York County (Michael A. Corriero, J.), entered on or about February 23, 2007, which denied defendant's motion for resentencing under the 2005 Drug Law Reform Act (L 2005, ch 643), unanimously affirmed.

The court properly exercised its discretion in determining that substantial justice dictated denial of the application, in light of defendant's significant role in a very extensive drug trafficking enterprise (*see People v Arana*, 45 AD3d 311 [2007]). Concur—Lippman, P.J., Mazzarelli, Saxe, Williams and Buckley, JJ.

■ In the Matter of JAMAL A., Appellant, v VALENTINA V., Respondent. VALENTINA V., Respondent, v JAMAL A., Appellant. [848 NYS2d 88]—Order, Family Court, Bronx County (Tandra L. Dawson, J.), entered on or about November 22, 2005, which denied petitioner father's application for custody of the parties' daughter and for a change in custody of their sons, unanimously affirmed, without costs. Appeal from an order, same court and Judge, entered September 30, 2005, which granted the mother's application for a protective order directing the father to stay away from and refrain from communicating with her and the three children for two years, unanimously dismissed, without costs.

While the father alleged facts sufficient to warrant a hearing based on a change in circumstances (*see David W. v Julia W.*, 158 AD2d 1, 6-7 [1990]), he failed, at that hearing, to substantiate the allegations with sufficient evidence to warrant a change in custody (*see Matter of Isaac C. v Veronica R.*, 18 AD3d 327 [2005]). The father was properly required to demonstrate a change of circumstances as to all three children, as the birth of the third child subsequent to the original petition did not defeat the court's jurisdiction (*"Primavera" v "Primavera"*, 195 Misc 942, 945 [1949]).

The order of protection is moot because the two-year period it was to be in effect has now expired (*see Wibrowski v Wibrowski*, 256 AD2d 172 [1998]). In any event, we note that the father consented to the entry of the order of protection in favor of the mother. Concur—Lippman, P.J., Mazzarelli, Saxe, Williams and Buckley, JJ.